SHIRLEY PATTON v. DAVID E. PATTON

No. 50A86

(Filed 7 October 1986)

**Divorce and Alimony § 30— equitable distribution—closely-held corporation—finding as to value—not sufficient**

The trial court's finding in an equitable distribution action of the value of a closely-held corporation was not sufficient where the finding was merely an enumeration of the factors considered by the court in determining the value of defendant's interest in the corporation without any indication of the value the court may have attributed to each of the enumerated factors. N.C.G.S. § 50-20, N.C.G.S. § 50-21.

DEFENDANT appeals as a matter of right pursuant to N.C.G.S. § 7A-30(2), from a decision of a divided panel of the Court of Appeals, 78 N.C. App. 247, 337 S.E. 2d 607 (1985), affirming in part the judgment of *LaBarre, J.*, entered 28 August 1984 in the District Court, DURHAM County, and remanding the cause for proper findings of fact and entry of judgment on the issue of attorneys fees. Heard in the Supreme Court 9 September 1986.

*James B. Maxwell for plaintiff appellee.*

*Clayton, Myrick & McClanahan, by Robert D. McClanahan, and Robert W. Myrick for defendant appellant.*

PARKER, Justice.

In this appeal from a judgment in equitable distribution of marital property under N.C.G.S. §§ 50-20, 50-21, ordering division of the marital property, defendant challenges the trial court's finding of fact concerning the value of defendant's interest in a closely-held corporation. The majority of the panel of the Court of Appeals held that the trial court's finding of fact was sufficient to support its conclusion as to the value of defendant's interest. For the reasons hereinafter stated, we hold that the trial court's judgment in this respect is not supported by sufficient findings of fact; consequently, we reverse in part the decision of the Court of Appeals and remand the cause for further proceedings.

Plaintiff and defendant were married in 1959 and separated in 1981. A judgment of absolute divorce based on a one-year separation was entered on 1 December 1983. By judgment entered 28 August 1984, defendant was awarded his interest in Patco, Inc. (Patco), a closely-held corporation.

In its judgment of 28 August 1984, the trial court made the following finding of fact:

34. That in evaluating the defendant's/husband's share of Patco, Inc., the Court has considered the estimate of the defendant himself as given in an insurance application approximately six months prior to the separation of the parties (plaintiff's exhibit 10), the book value of the business in 1980 through November, 1984, the relative ownerships of the stock in the company in 1980 through 1984 (it being noted that defendant is the sole (or 96%) stockholder of the company having purchased the interest of his brother with the company redeeming his stock by treasury stock), has considered the capitalization of earnings of the company, has considered the earning capacity of the company as demonstrated in the last four-to-five year period of time, the present economic outlook for the business and industry, the good will that has accumulated to the business through the hard work and com-

petent efforts of the defendant, and the financial position of Patco, Inc., as demonstrated by its unaudited statements for 1980 through April 30, 1984. The value of the defendant's interest in Patco, after consideration of all these factors, at the relevant time for evaluation for equitable distribution in this matter was at least $85,000.

In providing for distribution of marital property, N.C.G.S. § 50-20(j) states, "[T]he court shall make written findings of fact that support the determination that marital property has been equitably divided." In the recent case of *Poore v. Poore*, the Court of Appeals stated that in its order of distribution of marital property, the trial court "should make specific findings regarding the value of a spouse's professional practice and the existence and value of its goodwill, and should clearly indicate the evidence on which its valuations are based, preferably noting the valuation method or methods on which it relied." 75 N.C. App. 414, 422, 331 S.E. 2d 266, 272, *disc. rev. denied*, 314 N.C. 543, 335 S.E. 2d 316 (1985). *See also, Weaver v. Weaver*, 72 N.C. App. 409, 324 S.E. 2d 915 (1985) (valuation of a professional partnership interest). Certainly the requirement of specific findings is no less applicable in an equitable distribution order involving a spouse's interest in a closely-held corporation.

The purpose for the requirement of specific findings of fact that support the court's conclusion of law is to permit the appellate court on review "to determine from the record whether the judgment—and the legal conclusions that underlie it—represent a correct application of the law." *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E. 2d 185, 189 (1980). Furthermore, this requirement "is not designed to encourage ritualistic recitations by the trial court," but "is designed to dispose of the issues raised by the pleadings and to allow the appellate courts to perform their proper function in the judicial system." *Montgomery v. Montgomery*, 32 N.C. App. 154, 158, 231 S.E. 2d 26, 29 (1977).

We do not intend to imply, however, that the trial court should recite in detail the evidence presented at the hearing; rather the trial court should be guided by the same rules applicable to actions for alimony *pendente lite, Peoples v. Peoples*, 10 N.C. App. 402, 179 S.E. 2d 138 (1971), and to actions for child support, *Plott v. Plott*, 313 N.C. 63, 326 S.E. 2d 863 (1985), thus

limiting the findings of fact to ultimate, rather than evidentiary, facts.

Applying these principles to the case before us, finding of fact No. 34 appears to be merely an enumeration of the factors considered by the trial court in determining the value of defendant's interest in Patco, lacking any indication of what value, if any, the trial court may have attributed to each of the enumerated factors. The trial court's conclusion that the value of defendant's interest in Patco "was at least $85,000" is nebulous, if not meaningless. The finding of fact is not clear as to how much more than $85,000 the interest may be worth. Distributions of this nature require more precise findings and determinations of ultimate facts. Therefore, in our view, finding of fact No. 34 is too vague and conclusory to permit appellate review.

Since the order appealed from does not contain findings of fact sufficient to support the judgment, the decision of the Court of Appeals is reversed as to the sufficiency of finding of fact No. 34 and the cause is remanded to the Court of Appeals for further remand to the District Court, Durham County, for proceedings consistent with this decision.

Reversed in part and remanded.