BILLY RAY TUCKER v. YVONNE C. MILLER, EXECUTRIX OF THE ESTATE OF NANCY W. TUCKER, DECEASED

No. 9218DC1315

(Filed 1 March 1994)

**1. Divorce and Separation § 111 (NCI4th) — equitable distribution — property right — no abatement on death of party**

The trial court did not err in an equitable distribution action by denying plaintiff's motion to abate the action where his wife died after the judgment of absolute divorce and before the order of equitable distribution. Once a trial court enters a judgment of divorce, a claimant cannot be divested of the right to equitable distribution and his or her claim survives his or her death.

**Am Jur 2d, Divorce and Separation § 177.**

**Effect of death of party to divorce proceeding pending appeal or time allowed for appeal. 33 ALR4th 47.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

**2. Divorce and Separation § 158 (NCI4th) — equitable distribution — distribution factors — death of party**

The trial court did not err in an equitable distribution action in its consideration of distribution factors where defendant had died between the judgment of divorce and the equitable distribution order, the court took cognizance of the death in

its finding on distribution factor 1, and, even assuming that either factor 1 or 12 would allow the court to consider the needs of the parties and the evidence of defendant's death on its own as sufficient to show that her estate had no needs, plaintiff presented no evidence of his needs that might justify an unequal distribution.

**Am Jur 2d, Divorce and Separation § 915.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

3. **Divorce and Separation § 139 (NCI4th) — equitable distribution — valuation of business goodwill**

The trial court erred in an equitable distribution action by concluding that the goodwill in plaintiff's business was an asset unique to plaintiff and in finding one hundred percent of the goodwill to be a marital asset. Since goodwill only exists incident to the property rights, the marital portion of the goodwill value of the business could not exceed the marital share of the property rights in the corporation.

**Am Jur 2d, Divorce and Separation § 945.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

4. **Divorce and Separation § 147 (NCI4th) — equitable distribution — debt — not marital**

The trial court did not err in an equitable distribution action by not determining that a $39,315 contingent debt was marital where the record indicates that plaintiff had co-signed a lease with Nautilus Elite, a company partly owned by plaintiff's business; that the balance of the debt on the date of separation was $39,315; plaintiff testified that his business did not own Nautilus Elite at the date of separation; there is no evidence indicating the capacity in which plaintiff had co-signed the lease and no evidence that his wife had signed the lease; while plaintiff presented evidence to show that his business had reacquired an interest in Nautilus Elite after the date of separation and that he paid $39,315 in satisfaction of the lease obligation after the date of separation, he presented no evidence to show that he made any of the post-separation lease payments with marital funds; and there was no evidence to indicate that the liability for the debt at the date of separation was anything other than plaintiff's separate debt.

**Am Jur 2d, Divorce and Separation § 935.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

Appeal by plaintiff from order entered 30 June 1992 by Judge J. Bruce Morton in Guilford County District Court. Heard in the Court of Appeals 29 October 1993.

This appeal arises out of a claim for equitable distribution of the marital property of plaintiff, Billy R. Tucker, and Nancy W. Tucker. Plaintiff and Nancy Tucker were married on 21 July 1951. They separated on 25 May 1983, and plaintiff commenced an action for absolute divorce on 8 June 1984. On 10 August 1984, Nancy Tucker answered and requested an equitable distribution of their marital property, pursuant to N.C. Gen. Stat. § 50-20 (1987). The trial court entered a judgment of absolute divorce on 10 September 1984.

In April 1990, the trial court began hearing the equitable distribution matter. The hearing was interrupted, however, and no definite date for resumption was set. On 26 May 1990, Nancy Tucker died. The trial court substituted as defendant the duly appointed executrix of Nancy Tucker's estate and resumed the trial. On 6 June 1991, plaintiff moved to abate this action. The court denied this motion and heard further evidence on 6 June 1991 and 8 April 1992. On 30 June 1992 and 8 July 1992, respectively, the court entered an order of equitable distribution and a corrected judgment under which plaintiff had to pay a distributive award of $259,290.80 to Nancy Tucker's estate. From this order, plaintiff appeals.

*Baker Law Offices, by Walter W. Baker, Jr. and Jeffrey L. Mabe, for plaintiff-appellant.*

*Nichols, Caffrey, Hill, Evans and Murrelle, by William W. Jordan and ToNola D. Brown, for defendant-appellee.*

McCRODDEN, Judge.

Relying on four assignments of error, plaintiff presents four arguments for our consideration. The issues we must decide are (I) whether the death of a party, after absolute divorce but before an order of equitable distribution, abates the equitable distribution proceeding; (II) whether the trial court was required to consider Nancy Tucker's death in making its equitable distribution de-

termination; (III) whether it erred in classifying the goodwill of plaintiff's business as marital property; and (IV) whether its classification of a contingent debt as plaintiff's sole property was appropriate.

I.

[1] Plaintiff's first argument is that the trial court erred in refusing to abate this action because, according to plaintiff, a claim for equitable distribution does not survive the death of a party. We disagree.

Equitable distribution is a property right. *Hagler v. Hagler*, 319 N.C. 287, 290, 354 S.E.2d 228, 232 (1987); N.C.G.S. § 50-20(k). While it is true that subsection (k) does not grant a party a right in any particular property, it does create a right to an equitable portion of that which the court determines to be marital property. *Wilson v. Wilson*, 73 N.C. App. 96, 325 S.E.2d 668, *disc. review denied*, 314 N.C. 121, 332 S.E.2d 490 (1985). Once a trial court enters a judgment of divorce, a claimant cannot be divested of the right to equitable distribution, and, therefore, his claim survives his death. *See Swindell v. Lewis*, 82 N.C. App. 423, 346 S.E.2d 237 (1986) (holding that where a spouse had died after entry of judgment of divorce but prior to equitable distribution, spouse's heirs were necessary parties to the equitable distribution action); *see also Peterson v. Goldberg*, 585 N.Y.S.2d 439 (N.Y. App. Div. 1992) (holding that right to equitable distribution, which vests upon entry of divorce judgment, survives the death of the claiming spouse). *Trogdon v. Trogdon*, 97 N.C. App. 330, 330, 388 S.E.2d 212, 213, *cert. denied*, 326 N.C. 487, 392 S.E.2d 102 (1990), cited by plaintiff, is distinguishable, holding that there can be no claim for equitable distribution where the marriage was "dissolved by death" *before* the entry of judgment of divorce. We hold that Nancy Tucker's death, which came subsequent to her divorce from plaintiff and which followed the institution of the claim for equitable distribution, did not abate her estate's action for equitable distribution.

II.

[2] The plaintiff next alleges that the trial court erred in failing to consider the death of Nancy Tucker and the lack of need by her estate as factors in support of an unequal distribution in plaintiff's favor. First, the trial court did take cognizance of Tucker's death. In its order, it made findings on each N.C.G.S. § 50-20(c)

factor which might support an award of unequal distribution, including:

> (1) The income, property, and liabilities of each party at the time the division is to become effective. The defendant died on the 26th day of May, 1990, while the trial of this action was in progress. The plaintiff is self employed at an annual income slightly in excess of $100,000. His property consists of those items listed on plaintiff's exhibit 19. After deducting debts in the sum of $87,500.00, his net worth is $1,029,600.00.

In support of the second portion of this argument, plaintiff asserts that Nancy Tucker's estate had no needs and that the trial court erred in failing to consider this lack of need as supportive of an unequal distribution in his favor. Plaintiff contends that factor (1), "[t]he income, property, and liabilities of each party at the time the division of property is to become effective," and factor (12) "[a]ny other factor which the court finds to be just and proper," N.C.G.S. § 50-20(c), are based upon the needs of the parties and that the trial court erred in failing to make findings relative to the parties' needs.

When there is evidence presented that would allow the court to conclude that an equal division of the marital property would be inequitable, the trial court must consider all of the factors listed in N.C.G.S. § 50-20(c), *Locklear v. Locklear*, 92 N.C. App. 299, 305-06, 374 S.E.2d 406, 410 (1988), and "exercise its discretion in assigning the weight each factor should receive." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). Nonetheless, the court must only make findings concerning those factors for which evidence was presented. *Locklear*, 92 N.C. App. at 306, 374 S.E.2d at 410.

Even assuming that either factor (1) or (12) would allow the trial court to consider the needs of the parties and that evidence of Nancy Tucker's death, on its own, is sufficient to show that her estate had no needs, we are unable to find fault in the trial court's order. Plaintiff presented no evidence of his needs that might justify an unequal distribution. Indeed, the court's determination that plaintiff's net worth exceeds a million dollars indicates that this case does not involve a surviving party whose future welfare is jeopardized by an equal distribution of marital assets. We overrule this assignment of error.

III.

**[3]** Plaintiff's third argument is that the court erred in concluding that one hundred percent of the goodwill of plaintiff's business, Tucker Enterprises, Inc., was a marital asset. We find merit in this contention.

In its order, the trial court found that eighty percent of the shares of stock in plaintiff's business, Tucker Enterprises, Inc., was a marital asset, that the corporation had goodwill worth $113,257.00, and that:

> [T]he marital value of all corporate assets other than goodwill to be eighty percent of the net value of such assets in the corporation, which is the percentage of marital shares to total shares in the corporation. Since the goodwill of the corporation was a unique asset of the plaintiff, the court finds one hundred percent of such goodwill value to be marital.

Plaintiff does not contest in this appeal either the valuation of the goodwill or the finding that the marital share of the corporate assets was eighty percent. He correctly contests, however, the court's conclusion that the goodwill of Tucker Enterprises was an asset unique to plaintiff. Plaintiff can have no goodwill separate from Tucker Enterprises. "Goodwill exists as property merely as an incident to other property rights, and is not susceptible of being owned and disposed of separately from the property right to which it is incident." *Ice Cream Co. v. Ice Cream Co.*, 238 N.C. 317, 321, 77 S.E.2d 910, 914 (1953) (quoting 38 C.J.S. *Good Will* § 3, at 951 (1943) ). Goodwill of a professional practice is an asset that must be valued and considered in determining the value of the business for equitable distribution. *Poore v. Poore*, 75 N.C. App. 414, 420-21, 331 S.E.2d 266, 271, *disc. review denied*, 314 N.C. 543, 335 S.E.2d 316 (1985).

"So it is held that the owner of an appreciable interest in the stock of a corporation has a proportionate vendible interest in the good will of the corporate business . . . ." 38 C.J.S. *Good Will* § 5, at 953. Since goodwill only exists incident to property rights, the marital portion of the goodwill value of Tucker Enterprises could not exceed the marital share of the property rights in the corporation, which is proportionate to their interest (80%) in Tucker Enterprises. We find that the trial court erred in concluding that the goodwill of the corporation was an asset unique

to plaintiff and in finding one hundred percent of the goodwill to be a marital asset. Using the uncontested value of the goodwill, the trial court should include that value as part of the valuation of Tucker Enterprises, calculate the portion of the corporation that is marital at eighty percent, and distribute accordingly.

## IV.

[4] Finally, the plaintiff argues that the court erred in failing to determine that a $39,315.00 contingent debt was marital.

In making an equitable distribution of the marital property of the parties, the trial court must consider all the debts of the parties. *Geer v. Geer*, 84 N.C. App. 471, 475, 353 S.E.2d 427, 429 (1987). A marital debt is one incurred during marriage for the joint benefit of the parties, regardless of who is legally liable for the debt. *Id.* The party who claims that any debt is marital bears the burden of proof on that issue. *Albritton v. Albritton*, 109 N.C. App. 36, 40-41, 426 S.E.2d 80, 83 (1993). He must demonstrate the value of the debt as of the date of separation and that the debt was incurred during the marriage for the joint benefit of the husband and wife. *Miller v. Miller*, 97 N.C. App. 77, 79, 387 S.E.2d 181, 183 (1990).

Plaintiff contends that there was evidence presented that he had incurred $39,315.00 as a marital debt and that the trial court erred in failing to classify, value or include the debt. The record indicates evidence that plaintiff had co-signed a lease with Nautilus Elite, a company partly owned by Tucker Enterprises, and that, at the date of separation, the balance of the debt on the lease was $39,315.00.

Plaintiff testified, however, that Tucker Enterprises did not own Nautilus Elite at the date of separation. There is no evidence indicating in what capacity he had co-signed the lease, nor is there any evidence that Nancy Tucker signed the lease. Plaintiff did present evidence to show that, subsequent to the date of separation, Tucker Enterprises reacquired an interest in Nautilus Elite and that he paid $39,315.00 in satisfaction of the lease obligation after the date of separation. He presented no evidence, however, to show that he made any of the post-separation lease payments with marital funds. Hence, there was no evidence to indicate that, at the date of separation, the liability for the debt was anything other than his separate debt. We conclude that plaintiff failed to meet

FIRST-CITIZENS BANK & TR. CO. v. UNIVERSAL UNDERWRITERS INS. CO.

[113 N.C. App. 792 (1994)]

his burden of proving that the liability was marital and that he may not now claim error in the trial court's classification of the debt. *Miller*, 97 N.C. App. at 80, 387 S.E.2d at 184.

In summary, we reverse the finding of the trial court that the goodwill of Tucker Enterprises was an asset unique to plaintiff, and we remand the case to the district court with instructions to adjust the award in a manner consistent with this opinion. We find no other basis upon which to modify the trial court's order.

Affirmed in part; reversed in part.

Judges LEWIS and WYNN concur.