PATSY PAYNE DAETWYLER, Plaintiff v. DAVID ALAN DAETWYLER, Defendant

No. COA97-1133

(Filed 21 July 1998)

### 1. Divorce— equitable distribution—findings

The trial court in an equitable distribution action made sufficient findings of the ultimate facts on certain issues prior to ordering an unequal equitable distribution; plaintiff may not complain that the trial court failed to make findings on other issues where the parties failed to present evidence.

### 2. Divorce— equitable distribution—marital property—distributional factor—source of property

A distributional award in an equitable distribution action was remanded where there was no dispute that the parties each received separate interests in a tree farm as a gift from defendant's mother, the parties subsequently titled their separate interests as a tenancy by the entireties, the trial court properly concluded that their interest in the tree farm was marital property, and the court then indicated that it considered as a distributional factor the nature of the acquisition of the interest in the tree farm.

### 3. Divorce— equitable distribution—third parties— jurisdiction

The trial court in an equitable distribution action was without jurisdiction to distribute any portion of certificates of deposit held by defendant, his mother, and his sister as joint tenants because defendant's mother and sister were not parties to the proceeding.

Judge Horton concurring in part and dissenting in part.

Appeal by plaintiff and cross-appeal by defendant from judgment filed 24 February 1997 by Judge William B. Reingold in Forsyth County District Court. Heard in the Court of Appeals 29 April 1998.

*David B. Hough, for plaintiff appellant.*

*Edward P. Hausle, P.A., by Edward P. Hausle; and Allman, Spry, Leggett & Crumpler, P.A., by Joseph J. Gatto, for defendant appellant.*

DAETWYLER v. DAETWYLER

[130 N.C. App. 246 (1998)]

GREENE, Judge.

Patsy Payne Daetwyler (Plaintiff) appeals and David Alan Daetwyler (Defendant) cross-appeals from the trial court's judgment of equitable distribution.

Plaintiff and Defendant were married on 21 April 1978 and separated on 29 August 1993. On 15 December 1994, Plaintiff and Defendant were divorced, with no children having been born of the marriage.

The evidence presented at the equitable distribution hearing revealed that Defendant's mother gave Defendant and Plaintiff each a 9 percent interest in her tree farm. Plaintiff and Defendant combined their separate interests and titled the resulting 18 percent interest in the tree farm by the entireties. The trial court found:

> In 1992 and again in 1993, Defendant's mother gifted interests in a tree farm in Davie County, North Carolina to the parties. Two gifts of interests in the tree farm were made to the Plaintiff and two gifts to the Defendant. The gifts were made to each party individually so as to avoid the effects of the federal gift tax. Subsequent to these gifts, the Plaintiff and Defendant titled the property as a tenancy by the entirety and they held an 18% interest in the tree farm at the date of separation. As of the date of separation, the value of the parties' interest in the tree farm was $38,838.50 and is to be included in the marital estate.

The evidence further revealed that Defendant, his mother, and his sister held certificates of deposit purchased with Defendant's mother's funds. The certificates each provided that "[i]ssuance in the name of two or more owners indicates joint ownership with full rights of survivorship. . . . [The funds are] subject to the withdrawal, termination, receipt of any of them, or payment to any of them." Defendant testified that he had paid no money into the certificates, and had not performed any services for his mother or sister in order to have his name placed on the certificates. Defendant testified that his name was placed on the certificates because:

> [M]other is in very, very poor health and during this period of time . . . [s]he spent numerous weeks in the hospital and rather than worry about . . . trying to exercise provisions of a power of attorney . . . , she wanted my sister and me to be able to transport to her or pay on her behalf funds that were necessary for her own

DAETWYLER v. DAETWYLER

[130 N.C. App. 246 (1998)]

up-keep, medical expenses, and so forth, but it was a convenience for her.

Defendant and Plaintiff both testified that Defendant's mother had not filed gift tax returns for the amount of the certificates. The total value of the certificates at the date of separation was $112,403.84. Finally, Defendant testified that all of the certificates had matured since the date of separation, and that he had not "received one penny from any of those [certificates]." Based on this evidence, the trial court found:

> In 1993 the Defendant was given record ownership in certain Certificates of Deposit owned by his mother. Based upon the testimony of the Defendant, these funds were to be held by the Defendant and his sister so that the money might be easily accessed during a period of their mother's hospitalization. The total value of Defendant's interest in these Certificates of Deposit at the date of separation was $37,467.94 and such amount is to be included in the marital estate.

Neither Defendant's mother nor his sister were made parties to the equitable distribution action.

The trial court determined that an unequal distribution of the parties' marital property would be equitable, and accordingly awarded Defendant approximately 56 percent of the marital estate and awarded Plaintiff approximately 44 percent of the marital estate. In making the unequal distribution determination, the trial court "considered the nature of the marriage's acquisition of its interest in the Davie County tree farm and the certificates of deposit . . . ." In making the actual distribution, the trial court distributed the parties' entire 18 percent interest in the tree farm and the total value of Defendant's interest in the certificates to Defendant.

---

The issues are whether: (I) the trial court made sufficient findings of the ultimate facts as they related to the equitable distribution factors in section 50-20(c); (II) the trial court may consider the source of separate property when distributing marital property; and (III) certificates of deposit jointly titled in the names of Defendant, Defendant's mother, and Defendant's sister could be classified as marital property and distributed without making Defendant's mother and sister parties to the equitable distribution action.

DAETWYLER v. DAETWYLER

[130 N.C. App. 246 (1998)]

I

**[1]** Plaintiff contends that the trial court "fail[ed]—in most instances—to reveal both the actual body of evidence which may have been considered and the specific findings of ultimate facts, if any, which purportedly were derived from that evidence." Plaintiff also contends that the trial court's judgment provides this Court "with no definitive statement as to how or why this information was used by the trial judge in ordering an unequal distribution of the parties' marital estate," and that the trial court does not explain how "weight is allocated" to any of the section 50-20(c) factors.

The trial court's distribution of marital property after a divorce "shall be an equal division . . . unless the court determines that an equal division is not equitable. If the court determines that an equal division is not equitable, the court shall divide the marital property and divisible property equitably." N.C.G.S. § 50-20(c) (Supp. 1997); *White v. White*, 312 N.C. 770, 776, 324 S.E.2d 829, 832-33 (1985) (noting that the legislative intent of section 50-20(c) is that the party desiring an unequal division has the burden of producing evidence that an equal division would not be equitable). In determining whether an equal distribution is equitable, the trial court must make findings of fact showing its due consideration of the evidence presented by the parties in support of the factors enumerated under section 50-20(c). *Collins v. Collins*, 125 N.C. App. 113, 117, 479 S.E.2d 240, 242, *disc. review denied*, 346 N.C. 277, 487 S.E.2d 542 (1997); *Tucker v. Miller*, 113 N.C. App. 785, 789, 440 S.E.2d 315, 318 (1994) ("[T]he court must only make findings concerning those factors for which evidence was presented."). The trial court need not make "exhaustive" findings of the evidentiary facts, but must include the "ultimate" facts considered.[1] *Armstrong v. Armstrong*, 322 N.C. 396, 405-06, 368 S.E.2d 595, 600 (1988). We note that a finding which merely states that "due regard" has been given to the section 50-20(c) factors, without supporting findings as to the ultimate evidence presented on these factors, is insufficient as a matter of law, *Collins*, 125 N.C. App. at 117, 479 S.E.2d at 243, because such a general finding does not present enough information to allow an appellate court to determine whether evidence presented on each of the section

---

1. For example, a plaintiff may present evidence from her own testimony, her doctors' testimony, medical bills, and insurance papers, all of which tends to show that she suffers from various health problems. The trial court need not recite all of the possibly voluminous evidence presented, but should note in its findings that it has considered as a distributional factor the ultimate fact that the plaintiff is in poor health, and the amount of her resulting expenses.

50-20(c) factors was duly considered by the trial court, *see Patton v. Patton*, 318 N.C. 404, 406, 348 S.E.2d 593, 595 (1986) ("The purpose for the requirement of specific findings of fact that support the court's conclusion of law is to permit the appellate court on review 'to determine from the record whether the judgment—and the legal conclusions that underlie it—represent a correct application of the law.' " (quoting *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980))). Finally, we note that the weight to be assigned to any of the section 50-20(c) factors on which the parties have presented evidence is within the trial court's discretion. *White*, 312 N.C. at 777, 324 S.E.2d at 833; *accord Tucker*, 113 N.C. App. at 789, 440 S.E.2d at 318. It is not required that the trial court make findings revealing the exact weight assigned to any given factor, *see Fox v. Fox*, 103 N.C. App. 13, 21-22, 404 S.E.2d 354, 358 (1991) (holding that the trial court's findings were sufficient despite the fact that "the court did not explain how it balanced [the distributional] factors"). It is necessary, however, where evidence is presented on the section 50-20(c) factors, that the trial court make findings showing its consideration of these factors.

In this case, a thorough review of the record, which includes the transcript of the equitable distribution hearing, reveals that the parties failed to present any evidence on several of the distributional factors enumerated under section 50-20(c). Plaintiff, therefore, may not now complain that the trial court failed to make findings of the ultimate facts on these factors. As for the remaining distributional factors, Plaintiff brings forth arguments in her brief that the trial court failed to make sufficient findings concerning acts of the parties to maintain or deplete marital assets after the date of separation and the acquisition of the marital interest in the tree farm and the certificates. A thorough review of the record reveals that the trial court made sufficient findings of the ultimate facts on these issues prior to ordering an unequal equitable distribution.

## II

**[2]** When a party directs that title to property be placed in the entireties or transfers his or her separate property into the entireties, that property is presumed to be marital property. *McLean v. McLean*, 323 N.C. 543, 555, 374 S.E.2d 376, 383 (1988); *Loving v. Loving*, 118 N.C. App. 501, 507-08, 455 S.E.2d 885, 889-90 (1995). Separate property which is transferred to the entireties can constitute a distributional factor in favor of the transferring spouse. *Collins*, 125 N.C. App. at 116, 497 S.E.2d at 242.

## DAETWYLER v. DAETWYLER

[130 N.C. App. 246 (1998)]

In this case, there is no dispute that the parties each received separate interests in the tree farm as a gift from Defendant's mother, *see Bowden v. Darden*, 241 N.C. 11, 14, 84 S.E.2d 289, 292 (1954) (noting that a transfer of property from a parent to her child creates a rebuttable presumption of a gift to that child), thus the separate interests the parties each held in the tree farm constituted their respective separate property, N.C.G.S. § 50-20(b)(2) (including within the definition of separate property all property acquired by gift during the course of the marriage). The parties subsequently titled their separate interests in the tree farm as a tenancy by the entireties, thus giving rise to the presumption that the property is marital. As there is no evidence to rebut this presumption, the trial court properly concluded that their interest in the tree farm was marital property. Indeed, neither party disputes this classification.

Although the trial court may consider, pursuant to section 50-20(c)(12), "a spouse's contribution of [her] separate property to the marital estate" as a distributional factor, *Collins*, 125 N.C. App. at 116, 479 S.E.2d at 242, the trial court may not consider, as it is irrelevant under the circumstances of this case, the source of a spouse's separate property as a distributional factor. In this case, the trial court indicated that it considered as a distributional factor "the nature of the marriage's acquisition of its interest in the Davie County tree farm." Plaintiff argues that this language reveals that the trial court considered, as a distributional factor, that each party received their separate interest in the tree farm from Defendant's mother. We agree that the language used by the trial court could be construed to mean that the trial court improperly considered, as a distributional factor, that the parties each received their separate interests in the tree farm from Defendant's mother. Accordingly, remand is necessary for a new distributional order. On remand, the trial court is required to consider, in making the distributional award, the fact that Plaintiff and Defendant each contributed their separate interests in the tree farm to the marital estate. In this case, however, the trial court may not consider that Defendant's mother was the original source of the parties' interests in the tree farm.

### III

[3] "[W]hen a third party holds legal title to property which is claimed to be marital property, that third party is a necessary party to the equitable distribution proceeding, with their participation limited to the issue of the ownership of that property." *Upchurch v.*

*Upchurch*, 122 N.C. App. 172, 176, 468 S.E.2d 61, 63-64, *disc. review denied*, 343 N.C. 517, 472 S.E.2d 26 (1996). If a third party holding legal title to property claimed to be marital is not made a party to the equitable distribution proceeding, the trial court has no jurisdiction to enter an order affecting the title to that property. *Id.*

In this case, the certificates themselves plainly state that Defendant, his mother, and his sister are joint tenants, and no evidence to the contrary was presented. As joint tenants, each of the three (*i.e.*, Defendant, his mother, and his sister) held legal title to an undivided interest in the whole. 1 Patrick K. Hetrick & James B. McLaughlin, Jr., *Webster's Real Estate in North Carolina* § 7-2(a) (4th ed. 1994). The trial court was therefore without jurisdiction to distribute any portion of the certificates because Defendant's mother and sister were not parties to the equitable distribution proceeding. *See Upchurch*, 122 N.C. App. at 176-77, 468 S.E.2d at 64 (holding that the trial court was "without jurisdiction to adjudicate" a promissory note executed for the benefit of the defendant "or" a third party where that third party was not a party to the action). We therefore reverse the portion of the equitable distribution judgment which concludes that one-third of the value of the certificates at the date of separation was marital property. Accordingly, we do not reach the question of whether any of the value of the certificates could have been classified as marital property.

We do not address Plaintiff's remaining arguments in that those issues may not arise on remand.

Affirmed in part, reversed in part, and remanded.

Judge LEWIS concurs.

Judge HORTON concurs in part and dissents in part.

Judge HORTON concurring in part and dissenting in part.

I concur in the result reached in that portion of the majority opinion which reverses the conclusion of the trial court that one-third of the value of the certificates of deposit on the date of separation was marital property. The trial court found defendant-husband and his sister were given record ownership of certain certificates of deposit "so that the money might be easily accessed during a period of their mother's hospitalization." Defendant testified that "she [his mother]

wanted my sister and me to be able to transport to her or pay on her behalf funds that were necessary for her own up-keep, medical expenses and so forth, but it was a convenience for her." Thus defendant and his sister clearly held the certificates in trust for their mother. I would, therefore, reach the classification question and reverse on the basis that the trial court's own findings do not support its conclusion that the certificates were marital property.

I respectfully dissent from that portion of the majority opinion which states "the trial court may not consider, as it is irrelevant under the circumstances of this case, the source of a spouse's separate property as a distributional factor." No authority is cited for that position. I would agree that in most cases the source of a spouse's separate property is not relevant to a distributional decision. However, in the instant case the marital estate's entire interest in the Davie County tree farm came from gifts by defendant's mother.

Appellant-wife does not quarrel with the finding of the trial court that the "gifts [of an interest in the tree farm] were made to each party individually so as to avoid the effects of the federal gift tax." Following the "separate" gifts, the parties then "titled the property as a tenancy by the entirety . . . ." Had defendant's mother titled the interest in the tree farm directly to the parties as tenants by the entireties, no one would have questioned the use of the source of the gift as a distributional factor. In the case before us, the parties merely added another step as a result of the donor's tax planning efforts.

In *Hunt v. Hunt*, 85 N.C. App. 484, 355 S.E.2d 519 (1987), the funds for the down payment on the marital home came partially from defendant-husband's separate property and partially from money supplied by the wife's grandmother. In *Hunt*, the wife's grandmother gave checks to both the husband and wife. *Id.* at 488, 355 S.E.2d at 522. There was testimony that the grandmother gave money to defendant-husband "for [gift] tax purposes only . . . ." *Id.* at 490, 355 S.E.2d at 522. We held in *Hunt* that the trial court erred in finding that all the checks were gifts only to the wife and remanded for a new distribution decision. We noted that on remand the "trial court may find it appropriate to consider the manner in which the marital property was acquired." *Id.* at 489, 355 S.E.2d at 522. Therefore, I do not believe the trial court erred in the case *sub judice* in considering the manner in which the tree farm was acquired.