ARLENE ROSARIO, Plaintiff v. LUIS M. ROSARIO, Defendant

No. COA99-1183

(Filed 1 August 2000)

### Divorce— equitable distribution—unequal division—ultimate facts not considered

The trial court's judgment awarding plaintiff an unequal division of the marital estate in an equitable distribution action is reversed, because the trial court's statement in the order that it considered all statutory factors under N.C.G.S. § 50-20(c) and its specific listing of some of those factors is not sufficient to allow appellate review when the findings do not include ultimate facts considered by the trial court in applying those factors, such as findings regarding the actual income and liabilities of the parties, the amount of plaintiff's contribution of separate funds to the marital home, and the tax consequences to the parties.

Judge GREENE concurring.

Appeal by defendant from judgment entered 28 May 1999 by Judge William M. Cameron in Onslow County District Court. Heard in the Court of Appeals 5 June 2000.

*Jennifer R. Pope for plaintiff-appellee.*

*Lanier and Fountain, by Timothy R. Oswalt, for defendant-appellant.*

EDMUNDS, Judge.

Defendant appeals from a judgment awarding plaintiff an unequal division of their marital estate. We reverse.

The parties were married on 2 May 1986 and separated on 12 September 1997. On 2 October 1997, plaintiff filed this action seeking a divorce from bed and board, child custody, alimony, and equitable distribution of the marital estate. Defendant answered on 14 November 1997 and counterclaimed, seeking divorce from bed and board, child custody, and equitable distribution. On 11 August 1998, the trial court entered an order awarding plaintiff a divorce from bed and board, post-separation support, twenty-eight percent of defendant's net retirement income, and possession of the marital home.

On 19 March 1999, signed *nunc pro tunc* 28 May 1999, the trial court entered judgment incorporating the prior order and awarding plaintiff an unequal division of the marital estate. Disregarding retirement income (which had been distributed in the August 1998 order) and the marital home (which defendant already had deeded to plaintiff at the time of the March hearing), the March 1999 judgment distributed to plaintiff approximately $12,000 in assets and $2,100 in debts and distributed to defendant approximately $26,250 in assets and $26,700 in debts. The trial court also denied plaintiff permanent alimony and awarded plaintiff attorney's fees. Defendant appeals the unequal distribution.

Defendant argues that the findings of fact and evidence in the record are insufficient to support an unequal division of the marital estate. N.C. Gen. Stat. § 50-20(c) (1999) provides: "There shall be an equal division by using net value of marital property . . . unless the court determines that an equal division is not equitable. If the court determines that an equal division is not equitable, the court shall divide the marital property . . . equitably." The statute then sets forth twelve distributional factors for the court to consider when making its determination. *See id.*

In the case at bar, the trial court made the following pertinent findings of fact:

> 4. That the Court has previously ruled on the issues of post-separation support, interim allocation of marital assets, divorce from bed and board, and determination of child support owed, in an Order entered August 11, 1998, and said Order is adopted herein.

> 5. That the issues before the Court at this time are alimony, attorney fees, equitable distribution of the remaining marital property and debts, and payment of child support arrearages.

> . . . .

> 7. That the defendant is an able bodied person, still gainfully employed, and earning seventy-two (72%) per cent in monthly military retirement income; that the plaintiff is an able bodied person, still gainfully employed as an office assistant and now receiving twenty-eight (28%) per cent of the defendant's disposable military retirement income.

ROSARIO v. ROSARIO

[139 N.C. App. 258 (2000)]

8. That it is not necessary for the Court to value the defendant's military retirement because the Court has chosen to make an in kind distribution of said asset as set forth in the previous Order of this Court.

9. That since the entry of the Order on August 11, 1998, the defendant has deeded his interest in and to the real estate and the marital home . . . to the plaintiff.

. . . .

11. That the plaintiff seeks an unequal distribution in the division of marital assets and debts. In considering whether an equal division is equitable, the Court has considered all of the statutory factors raised by both parties, including:

a. The marriage's eleven year four month duration.

b. The income and liabilities of each party.

c. The plaintiff's contention that she helped the career potential of the defendant.

d. The plaintiff's contribution of separate funds to the marital home.

e. The tax consequences to the parties.

f. The post separation use and maintenance of the marital home and payment of mortgage payments.

Additionally, in both its findings of fact and conclusions of law, the trial court described and provided a fair market value of the parties' assets. The court then listed and distributed the marital debt of the parties, again providing descriptions and amounts due.

Our courts have established several basic principles pertaining to equitable distribution. In *Armstrong v. Armstrong*, our Supreme Court discussed the requirement that a trial court make specific findings as to the *ultimate* facts (rather than the *evidentiary* facts) found by the trial court to support its conclusion regarding equitable distribution:

Although the trial court was not required to recite in detail the evidence considered in determining what division of the property would be equitable, it was required to make findings sufficient to address the statutory factors and support the division ordered.

"The purpose for the requirement of specific findings of fact that support the court's conclusion of law is to permit the appellate court on review 'to determine from the record whether the judgment—and the legal conclusions that underlie it—represent a correct application of the law.' " When the findings and conclusions are inadequate, appellate review is effectively precluded. We do not imply that a trial court must make exhaustive findings regarding the evidence presented at the hearing; rather "the trial court should be guided by the same rules applicable to actions for alimony *pendente lite* and to actions for child support, thus *limiting the findings of fact to ultimate, rather than evidentiary facts.*"

322 N.C. 396, 405-06, 368 S.E.2d 595, 600 (1988) (emphasis added) (internal citations omitted). Ultimate and evidentiary facts have been defined as follows:

"Ultimate facts are the final facts required to establish the plaintiff's cause of action or the defendant's defense; and evidentiary facts are those subsidiary facts required to prove the ultimate facts. . . .

. . . .

. . . An ultimate fact is the final resulting effect which is reached by processes of logical reasoning from the evidentiary facts."

*Peoples v. Peoples*, 10 N.C. App. 402, 409, 179 S.E.2d 138, 142 (1971) (first two omissions in original) (quoting *Woodard v. Mordecai*, 234 N.C. 463, 470, 472, 67 S.E.2d 639, 644, 645 (1951) (citations omitted)).

If evidence is presented only as to one of the section 50-20 statutory factors and that evidence weighs toward an unequal distribution, a finding as to that single factor will support the trial court's conclusion of unequal distribution. *See, e.g., Jones v. Jones*, 121 N.C. App. 523, 466 S.E.2d 342 (1996); *Patterson v. Patterson*, 81 N.C. App. 255, 343 S.E.2d 595 (1986); *Andrews v. Andrews*, 79 N.C. App. 228, 338 S.E.2d 809 (1986), *disapproved of on other grounds by Armstrong*, 322 N.C. 396, 368 S.E.2d 595. However, if evidence is presented as to several statutory factors, the trial court must make findings as to each factor for which evidence was presented. *See, e.g., Collins v. Collins*, 125 N.C. App. 113, 479 S.E.2d 240 (1997); *Surrette v. Surrette*, 114 N.C. App. 368, 442 S.E.2d 123 (1994); *Little v. Little*, 74 N.C. App.

12, 327 S.E.2d 283 (1985); *Alexander v. Alexander*, 68 N.C. App. 548, 315 S.E.2d 772 (1984). Finally, a finding stating that the trial court has merely given "due regard" to the section 50-20 factors is insufficient as a matter of law. *See, e.g., Daetwyler v. Daetwyler*, 130 N.C. App. 246, 502 S.E.2d 662 (1998), *aff'd per curiam*, 350 N.C. 375, 514 S.E.2d 89 (1999); *Mrozek v. Mrozek*, 129 N.C. App. 43, 496 S.E.2d 836 (1998); *Collins*, 125 N.C. App. 113, 479 S.E.2d 240.

Apart from these basic principles, opinions have diverged as to the necessary specificity of a trial court's findings. For example, in *Judkins v. Judkins*, the following findings were held sufficient to support an unequal distribution:

"That the Court has considered all of the factors as set forth in G.S. 50-20(c) to include the following:

1. The earning ability of each party;

2. The need of the custodial parent for the use and possession of the marital residence and furniture located therein;

3. The value of defendant's separate property;

4. The defendant's expectation of additional pension.

That based on the foregoing, the Court is of the opinion and finds as a fact that an unequal division of the marital assets and liabilities is equitable . . . ."

113 N.C. App. 734, 741, 441 S.E.2d 139, 142-43 (1994) (omission in original).

Similarly, in *Atkinson v. Chandler*, the Court examined the sufficiency of the following findings:

6. At the time the Parties were married, the Defendant was employed by the United States Navy and retired on December 1, 1995 with twenty (20) years and one month of service and retired at the rank of an E5.

7. The Defendant receives military retirement and disability retirement of approximately $800.00 (eight hundred dollars) per month.

8. The Parties had approximately six (6) years of marriage and overlapping military service but pursuant to George v. George the Defendant's military pension was not vested until after the parties separated, therefore, this is the Defendant's separate property.

9. At the time the Parties were married, the Plaintiff was employed as a civilian at AAFES and was residing in a home located at 1314 Folger Avenue, Fayetteville, NC which had been awarded to her pursuant to a previous separation and divorce.

10. During the course of the marriage, the mortgage was retired by payment of $5,028.53.

11. The Plaintiff is retired from AAFES and the marital interest of her pension is $11,540.00 and this amount is vested because it was accumulated during the marriage.

12. During the course of the marriage, the Parties acquired First Union Accounts, accounts at UCB, IRAs and the Plaintiff had a prior IRA of $1,570.00 prior to the marriage of the Parties and the Plaintiff's non-marital interest in her retirement is $33,000.00.

13. Prior to the marriage the Defendant had acquired a Buick Century in October, 1988 and payments were made during the marriage; this automobile had been previously wrecked and had a reduced value and high mileage on the date of separation and has a value of $3,742.00.

14. The Parties acquired a 1993 Buick during the marriage with a value of $11,725.00 including a debt of $2,383.

15. The Plaintiff has separate property totaling $54,589.49 which includes a UCB IRA account, the house located at 1314 Folger Street, Fayetteville, North Carolina and her AAFES retirement of approximately $33,000.00.

16. The Defendant has as his separate property his entire military retirement valued at $153.236.00 [sic].

17. Pursuant to all the factors set forth in N.C.G.S. § 50-20(c) the Court has considered the age, the health of the Parties, the current retirement status, the part-time income of the Defendant, separate property and a portion of the pension that was earned during the marriage and has determined that an unequal division in favor of the Plaintiff is appropriate and there should be no distributive award in this matter.

130 N.C. App. 561, 567, 504 S.E.2d 94, 97-98 (1998). With regard to these findings, the *Atkinson* Court stated:

We find that these findings of fact sufficiently set forth those statutory factors the court considered in its decision not to

equally divide the parties' property. While finding of fact #17 does not detail the specific evidence the court considered regarding the parties' income, health and liabilities, we do not believe such a specific recitation was necessary in this case since the court's finding, when read in conjunction with the other findings in its order, adequately apprises us of the evidence ultimately considered by the court. Accordingly, we hold that the trial court made adequate findings of fact as to the evidence presented by both parties and that it did so in accordance with N.C.G.S. § 50-20(c).

*Id.* at 567-68, 504 S.E.2d at 98.

The holdings in *Judkins* and *Atkinson* are consistent with an earlier statement by this Court: "[A] trial judge is not required, in the findings of fact, to recite each factor and state the reasons for considering it or rejecting it. Rather, all that is required is for the trial judge to *list* the factors, statutory and non-statutory, that are supported by the evidence and which justify an unequal distribution." *Patterson*, 81 N.C. App. at 259-60, 343 S.E.2d at 599 (citation omitted) (emphasis added).

In contrast, our Supreme Court has held that the following finding was insufficient:

34. That in evaluating the defendant's/husband's share of Patco, Inc., the Court has considered the estimate of the defendant himself as given in an insurance application approximately six months prior to the separation of the parties (plaintiff's exhibit 10), the book value of the business in 1980 through November, 1984, the relative ownerships of the stock in the company in 1980 through 1984 (it being noted that defendant is the sole (or 96%) stockholder of the company having purchased the interest of his brother with the company redeeming his stock by treasury stock), has considered the capitalization of earnings of the company, has considered the earning capacity of the company as demonstrated in the last four-to-five year period of time, the present economic outlook for the business and industry, the good will that has accumulated to the business through the hard work and competent efforts of the defendant, and the financial position of Patco, Inc., as demonstrated by its unaudited statements for 1980 through April 30, 1984. The value of the defendant's interest in Patco, after consideration of all these factors, at the relevant time for evaluation for equitable distribution in this matter was at least $85,000.

*Patton v. Patton*, 318 N.C. 404, 405-06, 348 S.E.2d 593, 594-95 (1986). The Court stated:

In providing for distribution of marital property, N.C.G.S. § 50-20(j) states, "[T]he court shall make written findings of fact that support the determination that marital property has been equitably divided." In the recent case of *Poore v. Poore,* the Court of Appeals stated that in its order of distribution of marital property, the trial court "should make specific findings regarding the value of a spouse's professional practice and the existence and value of its goodwill, and should clearly indicate the evidence on which its valuations are based, preferably noting the valuation method or methods on which it relied." Certainly the requirement of specific findings is no less applicable in an equitable distribution order involving a spouse's interest in a closely-held corporation.

The purpose for the requirement of specific findings of fact that support the court's conclusion of law is to permit the appellate court on review "to determine from the record whether the judgment—and the legal conclusions that underlie it—represent a correct application of the law." Furthermore, this requirement "is not designed to encourage ritualistic recitations by the trial court," but "is designed to dispose of the issues raised by the pleadings and to allow the appellate courts to perform their proper function in the judicial system."

. . . .

Applying these principles to the case before us, finding of fact No. 34 appears to be merely an enumeration of the factors considered by the trial court in determining the value of defendant's interest in Patco, lacking any indication of what value, if any, the trial court may have attributed to each of the enumerated factors. The trial court's conclusion that the value of defendant's interest in Patco "was at least $85,000" is nebulous, if not meaningless. The finding of fact is not clear as to how much more than $85,000 the interest may be worth. Distributions of this nature require more precise findings and determinations of ultimate facts. Therefore, in our view, finding of fact No. 34 is too vague and conclusory to permit appellate review.

*Id.* at 406-07, 348 S.E.2d at 595 (alteration in original) (internal citations omitted).

Similarly, in *Collins,* this Court reviewed the following:

18. The parties presented evidence on numerous contentions for an unequal division. After giving due regard to the contentions

of the parties and all the factors set forth in G.S. § 50-20(c), an equal division of the marital property would be inequitable based on the following factors (G.S. § 50-20(c)(6), (11a) and (12)):

(a) The plaintiff contributed approximately $34,000.00 to his deferred compensation plan during the marriage from income which was earned prior to the marriage but deferred. These funds were his separate property, and were spent during the marriage for the support of the family.

(b) The plaintiff used his separate funds to make the downpayment on the . . . residence of $20,000.00, and he expended in excess of $77,000.00 of his separate funds to complete the residence . . . .

(c) The plaintiff is assuming responsibility for repaying the equity line obtained by the defendant against the . . . residence which, at the date of trial, had a balance of $14,963.65. The plaintiff should be awarded credit for one-half the repayment of this marital debt because not all of these funds were used for marital purposes.

(d) The Court does not find the failure of the plaintiff to return [defendant's] property to be willful and will not find him to be in contempt of court, but finds that the defendant is entitled to a credit of $4,500.00 for the damage done to certain of her personalty and for the loss of use of the property since the expiration of the 50B order.

125 N.C. App. at 115, 479 S.E.2d at 241-42 (alterations in original). In remanding the case to the trial court, this Court stated:

When evidence is presented in support of any of the section 50-20(c) factors tending to show that an equal division of the marital property would be inequitable, the trial court must consider that evidence in determining an equitable division. To insure that this evidence has been considered by the trial court, there must be findings reflecting their consideration. It is not necessary that the findings "recite in detail the evidence considered" but they must include the ultimate facts considered by the trial court.

In this case there is evidence in the record that the plaintiff is in good health and the defendant is not in good health. There is also evidence that the plaintiff is employed and the defendant is not employed. The health and incomes of the parties are factors

that must be considered, when evidence is presented, by the trial court in making a distribution of the marital property. The judgments in this case do not include any findings that this evidence was considered in making the distribution and this was error. The finding that "due regard [was given] to the contentions of the parties and all the factors set forth in G.S. § 50-20(c)" is not sufficient. This case must, therefore, be remanded to the trial court for the entry of a new equitable distribution judgment after consideration of the parties' incomes and health. The new judgment must be entered on the record before this Court and findings included revealing a consideration of the evidence relevant to the parties' incomes and health.

*Id.* at 117, 479 S.E.2d at 242-43 (alteration in original) (internal citations omitted).

These cases demonstrate that the degree of specificity required in a court order pertaining to equitable distribution cannot be established with scientific precision. Nevertheless, we are guided by our Supreme Court's holding in *Patton* requiring that findings be sufficiently specific to allow appellate review. Viewed in this light, we hold that the findings in the case at bar are insufficient. The trial court stated in Paragraph 11 that it considered all statutory factors and specifically listed some of those factors. However, the findings do not include ultimate facts considered by the trial court in applying those factors. For example, the trial court did not make any findings regarding the actual income and liabilities of the parties, the amount of plaintiff's contribution of separate funds to the marital home, and what the tax consequences to the parties would be. In addition, although the trial court found as a fact that "plaintiff[] conten[ded] that she helped the career potential of the defendant," the trial court did not determine whether plaintiff's contentions were accurate and, if so, the extent of plaintiff's contribution.

We are not unmindful of the heavy caseload in the state's district courts and realize that the district court judges do not have the luxury of spending unlimited time on each case. We are also aware that, almost without exception, district court judges provide considered expertise in a demanding and complex area of the law where the litigants' feelings often are inflamed. We are, however, unable to discharge our appellate responsibilities unless the trial courts reach reviewable conclusions of law based upon findings of fact supported in the record. *See Patton*, 318 N.C. 404, 348 S.E.2d 593.

**ROSARIO v. ROSARIO**

[139 N.C. App. 258 (2000)]

This case is remanded to the trial court for further proceedings consistent with this opinion.

Reversed.

Judge SMITH concurs.

Judge GREENE concurs with separate opinion.

Judge GREENE concurring.

I fully concur with the majority but write separately to emphasize that the findings of facts regarding the section 50-20(c) factors must do more than simply list the statutory factors considered by the trial court. The findings must reveal "due consideration of the evidence presented by the parties in support of the factors." *Daetwyler v. Daetwyler*, 130 N.C. App. 246, 249, 502 S.E.2d 662, 665, *disc. review denied in part*, 349 N.C. 528, 526 S.E.2d 174 (1998), *aff'd per curiam in part*, 350 N.C. 375, 514 S.E.2d 89 (1999). This mandate does not require the trial court to make findings of the evidentiary facts, as findings of the ultimate facts considered by the trial court are sufficient. *Id.* at 249 n.1, 502 S.E.2d at 665 (providing, as an example, that evidentiary facts may include testimony from doctor regarding medical condition of plaintiff and plaintiff's medical bills; while ultimate facts may include that plaintiff is in poor health and has incurred particular expenses as a result).

In this case, for the reasons given by the majority, the judgment does not contain sufficient ultimate findings of fact in support of the factors listed in the judgment. Furthermore, the judgment is deficient because it suggests the trial court may have considered factors not included in its judgment. The trial court, in finding of fact number 11, listed six items it considered and noted they were among those it had considered.[1] The judgment must include ultimate findings on *all* the evidence presented in support of *any* factor.

The judgment of the trial court must, therefore, be reversed and remanded to the trial court for entry of a new equitable distribution order containing findings of the ultimate facts for each of the section 50-20(c) factors upon which the parties presented evidence.

---

1. The trial court stated it had "considered all of the statutory factors raised by both parties, *including*" those specifically listed. (Emphasis added.)