IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-223

No. COA21-346

Filed 5 April 2022

Catawba County, No. 16 CVD 1496

FRANCES SIGMON FOXX, Plaintiff,

v.

GARY DWAYNE FOXX, Defendant.

Appeal by defendant from Order entered 16 March 2021 by Judge Sherri W. Elliott in Catawba County District Court. Heard in the Court of Appeals 11 January 2022.

*LeCroy Law Firm, PLLC, by M. Alan LeCroy, for plaintiff-appellee.*

*Wesley E. Starnes for defendant-appellant.*

GORE, Judge.

¶ 1        Defendant, Gary Dwayne Foxx, appeals from the trial court's Equitable Distribution Order, modifying the percentage of distribution of marital assets following the first appeal to this Court. We vacate the Order and remand for further findings of fact.

## I.    Factual and Procedural Background

¶ 2        Frances Sigmon Foxx ("plaintiff") and defendant were married on 17 March 1995. In 1999, the parties formed Foxx Appraisals, Inc., primarily used for plaintiff's real estate appraisal business. In March 2011, defendant was injured while in the course of his employment for the City of Lincolnton. Defendant filed worker's compensation and personal injury claims following his injury. Plaintiff and defendant separated on 14 July 2014. Shortly after the parties separated, defendant settled his workers' compensation claim. A few months thereafter, he settled his personal injury claim. Once in 2014 and once in 2015, Foxx Appraisals, Inc. made distributions as payment to plaintiff for her work as a licensed appraiser for the company.

¶ 3        On 16 June 2016, plaintiff filed a complaint for divorce and equitable distribution. Plaintiff and defendant were granted absolute divorce on 15 September 2016. On 4 January 2018, the trial court entered an Equitable Distribution Order ("2018 Order"). Plaintiff and defendant subsequently appealed the 2018 Order. This Court vacated the 2018 Order on the grounds that (1) the trial court's findings ignored undisputed evidence of two post-separation distributions from Foxx Appraisals, Inc., to the plaintiff, and (2) the trial court applied an incorrect legal standard to the classification of the awards from the defendant's workers' compensation and personal

injury lawsuits. *Foxx v. Foxx*, 266 N.C. App. 617, __, 830 S.E.2d 700, __ (2019) (unpublished).

¶ 4     This Court gave the trial court discretion to hear additional evidence, but the trial court elected to not conduct any further proceedings and issued a Remanded Equitable Distribution Order on 19 February 2021. On 25 February 2021, the trial court granted a Rule 60 Motion filed by the plaintiff to correct a clerical error in the 19 February 2021 Remanded Equitable Distribution Order. On 16 March 2021, the trial court entered an Amended Equitable Distribution Order ("2021 Order"). The trial court modified the percentage of equitable distribution of martial and divisible assets between the parties from the 2018 Order to the 2021 Order, increasing plaintiff's share from sixty percent to seventy-five percent and decreasing defendant's share from forty percent to twenty-five percent. Defendant timely filed and served notice of appeal.

## II.    Analysis

### A.    Modification of the Percentage of Equitable Distribution

¶ 5     Defendant first contends that the trial court lacked the authority to modify the unequal percent distribution of marital assets between the parties following the first appeal because the issue was not raised. We disagree.

¶ 6         "[A]s a general rule when an appellate court passes on a question and remands the cause for further proceedings, the questions there settled become the law of the case, both in subsequent proceedings in the trial court and on subsequent appeal . . . ." *Hayes v. Wilmington*, 243 N.C. 525, 536, 91 S.E.2d 673, 681-82 (1956) (citations omitted). "[O]nce a panel of the Court of Appeals has decided a question in a given case that decision becomes the law of the case and governs other panels which may thereafter consider the case." *Carpenter v. Carpenter*, 245 N.C. App. 1, 8, 781 S.E.2d 828, 835 (2016) (quoting *North Carolina Nat'l Bank v. Virginia Carolina Builders*, 307 N.C. 563, 567, 299 S.E.2d 629, 631-32 (1983)); *see also Transp., Inc. v. Strick Corp.,* 286 N.C. 235, 239, 210 S.E.2d 181, 183 (1974).

> In North Carolina courts, the law of the case applies only to issues that were decided in the former proceeding, whether explicitly or by necessary implication, but not to questions which might have been decided but were not. The doctrine of the law of the case contemplates only such points as are actually presented and necessarily involved in determining the case.

*Wetherington v. NC Dep't of Pub. Safety*, 270 N.C. App. 161, 173, 840 S.E.2d 812, 822 (2020) (cleaned up).

¶ 7         "On the remand of a case after appeal, the mandate of the reviewing court is binding on the lower court, and must be strictly followed, without variation and departure from the mandate of the appellate court." *Bodie v. Bodie*, 239 N.C. App.

281, 284, 768 S.E.2d 879, 881 (2015) (quoting *Collins v. Simms*, 257 N.C. 1, 11, 125 S.E.2d 298, 306 (1962)). This Court vacated and remanded the matter "for the trial court to make additional findings of fact and, if appropriate, corresponding conclusions of law." *Foxx*, 266 N.C. App. at __, 830 S.E.2d at __. When this Court remands an equitable distribution order for more specific findings of fact, that remand authorizes the trial court to recalculate related portions of the order that are impacted by the findings made on remand if necessary. *See Bodie*, 239 N.C. App. at 285, 768 S.E.2d at 882.

¶ 8     In the case *sub judice*, the issue of percent distribution of marital property was not a question raised on appeal, nor was it discussed or otherwise adjudicated, either explicitly or implicitly by the prior panel of this Court. Thus, it did not become the law of the case. Moreover, on remand, the trial court was required to evaluate specific evidence and make findings of fact that would affect the corresponding conclusion of law regarding the net value of marital assets. Therefore, the trial court had the authority to reconsider the percentage of distribution.

**B.     Required Sufficient Findings of Fact**

¶ 9     Defendant next argues that the trial court erred by failing to make additional findings of fact to support the change of equitable distribution percentage from the 2018 Order to the 2021 Order. We agree.

5

¶ 10        We review the trial court's distribution of property for an abuse of discretion. *Carpenter*, 245 N.C. App. at 13, 781 S.E.2d at 838 (2016) (citations and quotations omitted); *see also White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

> The standard of review on the trial court's classification in an equitable distribution of property is well settled: when the trial court sits without a jury, the standard of review on appeal is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts.

*Carpenter*, 245 N.C. App. at 11, 781 S.E.2d at 837 (cleaned up). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason." *White*, 312 N.C. at 777, 324 S.E.2d at 833.

¶ 11        There are twelve factors for the trial court to consider when determining whether unequal distribution of marital property and divisible property is equitable. *See* N.C. Gen. Stat. § 50-20(c) (2021). "[I]f evidence is presented as to several statutory factors, the trial court must make findings as to each factor for which evidence was presented." *Rosario v. Rosario*, 139 N.C. App. 258, 261, 533 S.E.2d 274, 276 (2000) (citations omitted). "The weight given each factor, however, is within the discretion of the trial court, and the trial court is not required to specifically state the weight given each factor to 'support the determination' an equitable distribution has been made." *Friend-Novorska v. Novorska*, 143 N.C. App. 387, 395, 545 S.E.2d 788, 794

6

(2001) (quoting *White*, 312 N.C. at 777-78, 324 S.E.2d at 833). "Additionally, the weight given each factor by the trial court must be upheld on appeal absent a showing of abuse of discretion." *Id.* (citation omitted). "[A] finding stating that the trial court has merely given 'due regard' to the section 50-20 factors is insufficient as a matter of law." *Rosario*, 139 N.C. App. at 262, 533 S.E.2d at 276 (2000) (citations omitted).

¶ 12      "Findings of fact are sufficient to 'support the determination' an equitable division has been made when findings of fact have been made on the ultimate facts at issue in the case, and the findings of fact show the trial court properly applied the law in the case." *Friend-Novorska,* 143 N.C. App. at 395, 545 S.E.2d at 794 (quoting *Armstrong v. Armstrong*, 322 N.C. 396, 405-06, 368 S.E.2d 595, 600 (1988)). "The purpose for the requirement of specific findings of fact that support the court's conclusion of law is to permit the appellate court on review 'to determine from the record whether the judgment – and the legal conclusions that underlie it – represent a correct application of the law.'" *Patton v. Patton*, 318 N.C. 404, 406, 348 S.E.2d 593, 595 (1986) (quoting *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980)). *See also Armstrong*, 322 N.C. at 405, 368 S.E.2d at 600.

¶ 13      In the instant case, the trial court did not conduct any further proceedings on remand before filing the 2021 Order. Using the evidence in the existing record, which the trial court was permitted to do in its discretion from this Court's prior opinion,

the trial court found the required specific findings of fact regarding Foxx Appraisal, Inc.'s distributions to the plaintiff and the defendant's lawsuit awards. These required findings by the trial court support a modification of the net value of marital property and the trial court found as such. The trial court also added an additional finding of fact regarding a section 50-20(c) factor in the 2021 Order. However, this finding amounted to a base assertion that the statutorily required factor was merely considered.

¶ 14    The trial court is not required to state the weight it gives to each factor it considers. *Rosario*, 139 N.C. App. at 260, 533 S.E.2d at 275. However, the trial court must support its determination by a measure greater than due regard, and in such fashion that an appellate court can determine from the record and judgment derived from legal conclusions that the correct application of law has been represented. *See Rosario*, 139 N.C. App. at 262, 533 S.E.2d at 276 (2000); *Friend-Novorska*, 143 N.C. App. at 395, 545 S.E.2d at 794; *Armstrong*, 322 N.C. at 405-06, 368 S.E.2d at 600.

¶ 15    In the case *sub judice*, the trial court did not hold additional proceedings on remand and modified the percent distribution of marital assets without considering additional evidence. In addition, one of the factors for consideration of an unequal distribution under N.C. Gen. Stat. Ann. § 50-20 is "[t]he income, property, and liabilities of each party at the time the division of property is to become effective."

N.C. Gen. Stat. Ann. § 50-20.   Since the most recent evidence was from the hearing before the entry of the 2018 order, the trial court could not address the "income, property, and liabilities" of the parties "at the time the division of property is to become effective."  Thus, the findings of fact and evidence in the record do not justify a modification from the 2018 Order's percent distribution of marital assets because the evidence in the record for the trial court to consider between the orders remained the same and nothing in the 2021 Order justified a reweighing of the percent distribution of marital assets based on the same material evidence. Therefore, the trial court did not make sufficient findings of fact to justify its conclusion that the modification of the percentage of distribution of marital assets between the 2018 Order and the 2021 Order was proper.

### III.   Conclusion

¶ 16          For the foregoing reasons, we vacate the trial court's 16 March 2021 Amended Equitable Distribution Order and remand for further proceedings and entry of a new order.  If either party requests the opportunity to present additional evidence for consideration prior to entry of the new order, the trial court shall allow the parties to present additional evidence limited to any relevant changes in circumstances which

may affect an unequal distribution under N.C. Gen. Stat. Ann. § 50-20 since the last evidentiary hearing.

VACATED AND REMANDED.

Chief Judge STROUD and Judge TYSON concur.