SUSAN SHAW, Plaintiff/Appellee v. KENNETH SHAW, Defendant/Appellant

No. 9428DC80

(Filed 3 January 1995)

**Divorce and Separation § 167 (NCI4th)— equitable distribution—lump sum award from thrift plan—failure of court to consider consequences**

The trial court was required to make appropriate findings concerning defendant's thrift plan before ordering defendant to make a lump sum distributive award which, according to defendant's argument and the evidence before the trial court, must be made from defendant's thrift plan and which would result in the loss of employer contributions or harsh tax consequences.

**Am Jur 2d, Divorce and Separation §§ 870 et seq.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

## SHAW v. SHAW

[117 N.C. App. 552 (1995)]

Appeal by defendant from judgment entered 18 August 1993 by Judge Shirley H. Brown in Buncombe County District Court. Heard in the Court of Appeals on 29 September 1994.

*John E. Shackleford for plaintiff appellee.*

*Hyler & Lopez, P.A., by Robert J. Lopez and Sybil G. Mann, for defendant appellant.*

COZORT, Judge.

Defendant appeals from an equitable distribution judgment ordering defendant to pay a lump sum distributive award of $8,360.72 to plaintiff. We find the trial court failed to properly consider the non-liquid nature of defendant's thrift plan, the principle marital asset, and we remand the case for further findings and entry of an appropriate judgment.

Plaintiff-wife and defendant-husband were married on 20 June 1969 and separated on 6 April 1990. On 9 July 1990, plaintiff and defendant entered into a consent order, approved by the district court, which settled the issue of the marital homeplace by providing that defendant would pay to plaintiff $18,000.00, and the plaintiff would execute a deed in fee simple to the marital homeplace to the defendant. On 29 May 1991, plaintiff filed an action seeking absolute divorce from defendant based upon one year's separation. Plaintiff requested an equitable distribution of all real and personal property owned by the parties. On 8 July 1991, defendant filed an answer joining in the plea for absolute divorce and also requesting equitable distribution of the marital property. The trial court granted an absolute divorce on 11 July 1991. The trial court severed the equitable distribution action, which was to be heard at a later date.

The equitable distribution proceedings came on to be heard during the 30 November 1992 session of district court. The court's equitable distribution judgment was signed on 18 August 1993. In that judgment, the trial court provided that defendant's retirement account shall be divided by the execution of a qualified domestic relations order, giving the plaintiff 50% of the total pension value accrued from 20 June 1969 through 6 April 1990. After making provisions for the division of savings bonds, defendant's retirement account, and eighteen shares of Teneco [*sic*] stock, the trial court found the net value of the remaining marital property to be $23,311.00. The court found the plaintiff was in possession at the date of separation of mar-

ital property having a net value of $1,439.00. The court found the defendant to be in possession of the remaining marital property, including the thrift plan valued at $11,032.00. The court found that an equal division of property would be equitable and directed the defendant to pay plaintiff a distributive award of $8,360.72.

On 3 September 1993, defendant moved, pursuant to Rule 60 of the Rules of Civil Procedure, that the court modify the judgment. Defendant contended in that motion that the order directing defendant to pay plaintiff a lump sum distribution in excess of $8,000.00 would require the defendant to withdraw money from the thrift plan, causing harsh and extreme tax consequences. The defendant requested entry of a qualified domestic relations order as to the $8,360.72 to be paid by defendant to plaintiff. On 5 October 1993, the trial court entered an order denying defendant's motion. Defendant timely filed notice of appeal.

In his first three assignments of error, defendant contends the trial court erred by ordering the defendant to pay plaintiff a lump sum distribution of $8,362.72. Defendant contends that the only way he can make such a payment is to withdraw funds from the thrift plan which will cause the loss of employer contributions and cause extreme tax consequences. We find defendant's argument persuasive.

N.C. Gen. Stat. § 50-20(c) (1994 Cum. Supp.) provides that the trial court shall consider certain factors in determining how to distribute the marital property of parties. Those factors include

(9) The liquid or nonliquid character of all marital property;

* * * *

(11) The tax consequences to each party;

* * * *

(12) Any other factor which the court finds to be just and proper.

In his deposition, which was introduced in the trial court, the defendant testified that he participated in a thrift plan. The defendant testified that money was deducted from his check and that his employer made a contribution. The defendant further testified that there were penalties for making withdrawals from the account at unauthorized times. We find this evidence was sufficient to require the trial court to make appropriate findings concerning the thrift plan before ordering the defendant to make a lump sum distributive award

**SHAW v. SHAW**

[117 N.C. App. 552 (1995)]

which, according to defendant's argument and the evidence before the trial court, must be made from the defendant's thrift plan. There was no evidence before the trial court that the defendant had liquid assets totaling $8,360.72. In fact, all of the evidence indicates that neither party had any substantial liquid assets. It appears, therefore, that the defendant would have to withdraw money from the thrift plan in order to make the distributive award. The defendant had placed evidence before the trial court that such a withdrawal would result in the loss of employer contributions or harsh tax consequences. The trial court must consider these issues before requiring the defendant to make the lump sum distributive award payment. This case must be remanded to the trial court for a determination of whether the defendant has assets, other than the thrift plan, from which he can make the distributive award payment. If he does not, the trial court must either (1) provide for some other means by which the defendant can pay $8,360.72 to the plaintiff; or (2) determine the consequences of withdrawing that amount from the thrift plan and adjust the award from defendant to plaintiff to offset the consequences.

Defendant's last two assignments of error are directed to the trial court's findings and conclusions regarding a marital debt owed to defendant's parents. We have reviewed those assignments of error, and we hold the findings made by the trial court are supported by competent evidence and are not erroneous as a matter of law. We affirm on that issue.

In sum, the trial court's order is reversed, and the case is remanded to the trial court for findings of fact concerning the source of funds for the defendant's payment of the $8,360.72 distributive award, the consequences if those funds must be taken from the defendant's thrift plan, and entry of an appropriate order equitably distributing the marital property.

Reversed and remanded.

Judge WYNN concurs.

Judge McCRODDEN concurred in this opinion prior to 15 December 1994.