JO ANN UPCHURCH EMBLER, PLAINTIFF v. HENRY JAMES EMBLER, DEFENDANT

No. COA02-279

(Filed 15 July 2003)

### 1. Divorce— equitable distribution—distributive award—findings

An equitable distribution order contained insufficient findings of the source from which defendant was to pay a distributive award and was remanded. If defendant is to pay the award from a non-liquid asset or by obtaining a loan, the award must be recalculated to take into account the financial ramifications.

### 2. Divorce— equitable distribution—distributional factors—findings insufficient

The trial court's findings about distributional factors in an equitable distribution award were not detailed enough for appellate review and the order was remanded.

### 3. Divorce— equitable distribution—pension plan—marital property

The classification of a pension plan as marital property for an equitable distribution award was upheld. Defendant. stipulated that the plan was marital property with a note that the marital portion was to be appraised, but never introduced evidence of the premarital value of the pension. Defendant had the burden of showing the portion of the plan that was separate property and cannot now complain.

## EMBLER v. EMBLER

[159 N.C. App. 186 (2003)]

Appeal by defendant from judgment entered 7 September 1999 by Judge James M. Honeycutt in Iredell County District Court. Heard in the Court of Appeals 10 February 2003.

*Rudolf Maher Widenhouse & Fialko, by M. Gordon Widenhouse, Jr., for plaintiff-appellee.*

*Anderson Korzen & Associates, P.C., by John J. Korzen, for defendant-appellant.*

GEER, Judge.

Defendant, Henry Embler, appeals from an equitable distribution judgment, arguing that the trial court erred in: (1) ordering defendant to pay plaintiff, Jo Ann Embler, a distributive award of $24,876.00 without making any finding as to the existence of liquid assets sufficient to pay the award; (2) concluding that an unequal division of the marital property was equitable and awarding sixty percent of it to plaintiff; and (3) classifying defendant's pension plan solely as marital property. We reverse in part and remand for further findings of fact as to the distributional factors that the court considered in making the equitable distribution award and the source of funds from which defendant is to pay any distributive award.

The detailed facts and procedural history of the case are found in *Embler v. Embler*, 143 N.C. App. 162, 545 S.E.2d 259 (2001) (dismissing appeal as interlocutory). The parties were married in 1976, had one child in 1986, separated in 1993, and divorced in 1996. Plaintiff is a teacher with a master's degree in education and earns approximately $35,000.00 per year. Defendant is in management with BellSouth Telecommunications and earns approximately $69,000.00 annually. In considering the issue of equitable distribution, the trial court awarded sixty percent of the marital estate to plaintiff and required defendant to pay a distributive award of $24,876.00 to plaintiff within sixty days. Defendant claims that he has no liquid assets from which to pay this award and would incur penalties if he withdrew the necessary sums from his retirement account.

When reviewing a trial court's equitable distribution award, the appellate court's duty is to determine whether the trial court abused its discretion. *White v. White*, 312 N.C. 770, 324 S.E.2d 829 (1985). "A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision." *Id.*

at 777, 324 S.E.2d at 833. The trial court must, however, make specific findings of fact regarding each factor specified in N.C. Gen. Stat. § 50-20(c) (2001) on which the parties offered evidence. *Rosario v. Rosario*, 139 N.C. App. 258, 260-61, 533 S.E.2d 274, 275-76 (2000). We believe that the trial court's findings of fact in this case were insufficient.

I

[1] Defendant first argues that the trial court erred in ordering him to pay plaintiff a distributive award of $24,876.00 without making any finding whether he had sufficient liquid assets to pay the award. We agree.

This case is analogous to *Shaw v. Shaw*, 117 N.C. App. 552, 451 S.E.2d 648 (1995). In *Shaw*, the trial court had ordered the defendant to pay the plaintiff an $8,360.72 distributive award, but did not specify a source of funds for that payment. The evidence suggested that the only asset from which defendant could pay the distributive award was his thrift plan; yet the evidence also established that any withdrawal from that plan would result in harsh tax consequences. This Court remanded the case to the trial court for a determination whether the defendant had assets, other than the thrift plan, from which he could make the distributive award payment. *Id.* at 555, 451 S.E.2d at 650. If not, then the trial court was required to either "(1) provide for some other means by which the defendant [could] pay $8,360.72 to the plaintiff; or (2) determine the consequences of withdrawing that amount from the thrift plan and adjust the award from defendant to plaintiff to offset the consequences." *Id. See also* N.C. Gen. Stat. § 50-20(c)(9), (11) (in determining whether an equal division of property is equitable, the court must consider the liquid or nonliquid character of all marital property and the tax consequences to each party).

While Mr. Embler's assets are greater than the defendant's in *Shaw*, the evidence suggests that those assets are still non-liquid in nature. Although defendant may in fact be able to pay the distributive award, defendant's evidence is sufficient to raise the question of where defendant will obtain the funds to fulfill this obligation. As in *Shaw*, the court below ordered defendant to pay the distributive award without pointing to a source of funds from which he could do so even though defendant had no obvious liquid assets. If defendant is ordered to pay the distributive award from a non-liquid asset or by obtaining a loan, the equitable distribution award must be recalcu-

lated to take into account any adverse financial ramifications such as adverse tax consequences. *Shaw* requires that we remand for further findings as to whether defendant has assets, other than non-liquid assets, from which he can make the distributive award payment. If defendant has insufficient liquid assets, then the trial court must (1) determine the means by which defendant is to pay the amount; and (2) adjust the award from defendant to plaintiff to offset any adverse financial consequences of using the non-liquid assets.

II

**[2]** Defendant next contends that the trial court erred in concluding that an unequal division of the marital property was equitable and awarding sixty percent of it to plaintiff. We remand for further findings on the trial court's consideration of the distributional factors.

In order for this Court to conduct proper appellate review of an equitable distribution order, the trial court's findings must be specific enough that the appellate court can determine from reviewing the record whether the judgment represents a correct application of the law. *Coble v. Coble*, 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980). The trial court must make "specific findings as to the *ultimate* facts (rather than the *evidentiary* facts) found by the trial court to support its conclusion regarding equitable distribution . . . ." *Rosario*, 139 N.C. App. at 260, 533 S.E.2d at 275 (emphasis original). Although the trial court need not find all possible facts from the evidence before it, "it [is] required to make findings sufficient to address the statutory factors and support the division ordered." *Armstrong v. Armstrong*, 322 N.C. 396, 405, 368 S.E.2d 595, 600 (1988).

More specifically, this Court has held:

[W]hen a party presents evidence which would allow the trial court to determine that an equal distribution of the marital assets would be inequitable, the trial court must then consider all of the distributional factors listed in G.S. 50-20(c), *Smith v. Smith*, 314 N.C. 80, 331 S.E. 2d 682 (1985), and must make sufficient findings as to each statutory factor on which evidence was offered.

*Locklear v. Locklear*, 92 N.C. App. 299, 305-06, 374 S.E.2d 406, 410 (1988). This Court has previously held that a blanket statement that the trial court considered the distributional factors listed in N.C. Gen. Stat. § 50-20(c) is insufficient as a matter of law. *Rosario*, 139 N.C. App. at 262, 533 S.E.2d at 276.

Here, the trial court stated that it "considered the factors found and noted above in the findings of fact. *The Court also considered the other statutory distributional factors.*" (Emphasis added) In its findings of fact, the trial court recited various contentions of the parties, but found only that (1) the absolute value of defendant's retirement portfolio greatly exceeds plaintiff's; (2) defendant's income is nearly double plaintiff's; (3) the parties are almost the same age and have several more earning years ahead of them; (4) defendant has more retirement value accruing after the date of separation than his wife; (5) defendant paid certain marital debts after marriage; and (6) it is desirable to divide the estate without having to use a QDRO. Beyond the trial court's general statement that it "considered the other statutory distributional factors," the court made no specific reference to the factors under N.C.G.S. § 50-20(c). It is, therefore, impossible to determine whether the trial court found and relied upon any other statutory factors.

Even the factors expressly considered by the trial court lack sufficient detail. Although the court mentioned that defendant paid certain marital debts, the court did not value those debts. *See Byrd v. Owens*, 86 N.C. App. 418, 424, 358 S.E.2d 102, 106 (1987) (court must both classify and value debt). In addition, although the court made findings regarding the value of defendant's motor vehicles, the court made no finding whether the cars were liquid or nonliquid assets for purposes of the equitable distribution division, despite N.C. Gen. Stat. § 50-20(c)(9)'s requirement that the court consider the "liquid or nonliquid character of all marital property and divisible property." And, even though the court found that the estate should be divided without a QDRO, the trial court made no findings as to how this should be accomplished or the tax consequences to defendant if he is required to dip into this retirement. *See* N.C. Gen. Stat. § 50-20(c)(11) (requiring consideration of the tax consequences to each party).

Without sufficient findings as to the § 50-20(c) distributional factors, we cannot determine whether the trial court appropriately applied the law in ordering the unequal distribution of the marital estate. As this Court has previously acknowledged:

> We are not unmindful of the heavy caseload in the state's district courts and realize that the district court judges do not have the luxury of spending unlimited time on each case. We are also aware that, almost without exception, district court judges provide considered expertise in a demanding and complex area of

the law where the litigants' feelings often are inflamed. We are, however, unable to discharge our appellate responsibilities unless the trial courts reach reviewable conclusions of law based upon findings of fact supported in the record.

*Rosario*, 139 N.C. App. at 267, 533 S.E.2d at 279.

III

[3] Finally, defendant argues that the trial court erred in classifying his BellSouth pension plan solely as marital property. The trial court found:

> Defendant has a pension plan with BellSouth with date of separation value of $76,200.00. The plan had increased in value to $180,557.00 by 1996. Defendant was employed with BellSouth (and contributed to this plan) for eight (8) years prior to marriage (1968-1976). The Court will consider this as a distributional factor (without being able to determine the exact pre-marital amount).

Our review is "limited to the question whether *any* competent evidence in the record sustains the court's findings." *Taylor v. Taylor*, 92 N.C. App. 413, 417, 374 S.E.2d 644, 647 (1988) (emphasis original). The evidence in the record here is sufficient to sustain the court's finding that the pension plan was marital property.

Defendant stipulated that the pension plan was marital property on the equitable distribution form. Even though he included in a footnote "marital portion to be appraised," he did not introduce any evidence of the pre-marital value of the pension. On appeal, defendant suggests that since one-third of defendant's employment with BellSouth occurred before his marriage, one-third of the pension should have been separate property. Yet, he offered no evidence that such a division would accurately reflect the actual value of the pension plan immediately prior to the marriage. The court thus had no evidence by which it could accurately calculate the pre-marital value of the pension. Defendant bore the burden of showing what portion of the pension was separate property and cannot now complain because he failed to meet his burden. *Johnson v. Johnson*, 317 N.C. 437, 454, 346 S.E.2d 430, 434 (1986). We find this assignment of error to be without merit.

Reversed in part and remanded.

Chief Judge EAGLES and Judge MARTIN concur.