McGEE, Judge.
Mohammad Akram Daher (plaintiff) and Caroline Desrosiers Daher (defendant) entered into a separation and property settlement agreement on 28 December 1999. Defendant filed a complaint on 8 November 2000 seeking, inter alia, equitable distribution and recission of the separation and property settlement agreement. Plaintiff filed an answer and counterclaim on 26 January 2001. The trial court consolidated the equitable distribution action with an ongoing custody action and a divorce action. The trial court entered judgment on defendant's recission claim on 25 June 2003, and defendant gave notice of appeal on 21 July 2003. Our Court dismissed defendant's appeal as interlocutory in an unpublished opinion, Daher v. Daher, 169 N.C. App. 455, 612 S.E.2d 447 (2005).
The trial court entered an equitable distribution judgment on 13 July 2004, and plaintiff filed notice of appeal on 10 August 2004. The trial court entered an order on 16 August 2004 certifying that there was no just reason for delay of the appeal. Defendant moved to dismiss the appeal as interlocutory on 15 July 2005, and plaintiff filed a response on 20 July 2005.
A judgment entered during the pendency of a case, which does not dispose of the case in its entirety, is an interlocutory judgment. Sharpe v. Worland, 351 N.C. 159, 161, 522 S.E.2d 577, 578 (1999). As a general rule, interlocutory judgments are not immediately appealable. Id. However, immediate review of an interlocutory judgment is available in two limited circumstances: (1) where the trial court certifies, pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), that there is no just reason for delay of an appeal from a final judgment as to one or more, but not all, of the claims; and (2) where the interlocutory judgment affects a substantial right in accordance with N.C. Gen. Stat. § 1-277(a). Sharpe, 351 N.C. at 161-62, 522 S.E.2d at 579.
When a trial court certifies that there is no just reason for delay of an appeal from a final judgment, appellate review is mandatory. Id. at 162, 522 S.E.2d at 579. "Nonetheless, the trial court may not, by certification, render its decree immediately appealable if 'it is not a final judgment.'" Id. (quoting Lamb v. Wedgewood South Corp., 308 N.C. 419, 425, 302 S.E.2d 868, 871 (1983)). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." Veazey v. Durham, 231 N.C. 354, 361-62, 57 S.E.2d 377, 381 (1950).
In the present case, plaintiff concedes the trial court's equitable distribution judgment is an interlocutory judgment, but argues that it was properly certified for immediate appeal pursuant to Rule 54(b). Plaintiff also argues the equitable distribution judgment affects a substantial right. However, the trial court repeatedly stated the equitable distribution judgment was contingent upon a supplemental hearing. In finding of fact twenty-three, the trial court found:
The separation date mortgage balance of $596,439 should be allocated equally between the parties, contingent upon, as provided below, the trial court finding that . . . defendant has sufficient liquid assets to pay a resulting distributive award. If so, the manner in which plaintiff is to pay his share of this debt through a distributive award will be determined in a supplemental hearing as further provided below.
In finding of fact thirty-one, the trial court stated:
Subsequent to the trial of this case, which ended on May 16, 2003, the North Carolina Court of Appeals rendered its decision in the case of Embler v. Embler, 159 N.C. App. 186, 582 S.E.2d 628 (2003), holding that before ordering a distributive award the trial court must make findings as to the existence of liquid assets sufficient to pay the distributive award. In light of the decision in Embler the trial court has now determined that a supplemental hearing will be required so that it may make the appropriate findings as to plaintiff's ability to pay a distributive award by utilizing liquid assets, or in the alternative, whether . . .plaintiff has access to other non-liquid assets to be applied toward this obligation. The trial court will therefore enter this judgment but will conduct a supplemental hearing after allowing the parties additional time for discovery, as further set forth below.
The trial court concluded that "this Equitable Distribution Judgment should be entered and . . . a supplemental hearing should be conducted to determine whether . . . plaintiff has sufficient liquid or available non-liquid assets to pay the distributive award that would result from a distribution of $298,219.50 of the marital debt against . . . defendant." The trial court further concluded that "a supplemental hearing should be conducted in light of the . . . decision in Embler v. Embler, referenced above."
The trial court then entered its equitable distribution judgment, the relevant parts of which are set forth below:
14. Subject to the trial court determining in a supplemental hearing as ordered below whether or not . . . defendant has the ability to pay such a distributive award, the loan indebtedness due and owing to First Charter Bank on the date of separation, $596,439, is allocated equally between the parties.
15. Plaintiff shall pay to defendant a distributive award in the sum of $298,219.50, the unpaid balance of which shall accrue interest at the legal rate of eight percent (8%) per year, subject to the provisions of Paragraph 16, below.
16. Because at the time of trial the . . . decision of Embler v. Embler had not yet been rendered, and because the trial court did not hear detailed evidence regarding plaintiff's liquid assets from the date of separation through the date of trial, the trial court will conduct a supplemental hearing in order to determine whether. . . plaintiff has liquid or non-liquid assets to pay a distributive award in that amount and if so, the means by which plaintiff shall pay the distributive award amount specified in the preceding paragraph. At that supplemental hearing the trial court will also determine the date on which interest on the unpaid balance of the distributive award should begin to accrue. The trial court will allow the parties additional time to engage in discovery prior to the supplemental hearing, and they will adhere to the following schedule:
(a) All discovery must be served upon the opposing party by May 14, 2004;
(b) The party being served with discovery must file written objections to that discovery, if any, by June 11, 2004;
(c) The party being served with discovery must respond to that discovery by June 25, 2004;
(d) Any depositions to be conducted by either party must take place between August 15, 2004, and September 10, 2004, and counsel for the parties shall communicate with one another about the specific date on which any such depositions are to take place;
(e) A supplemental hearing shall be held before the undersigned on September 15 and 16, 2004, to determine the nature and extent of plaintiff's liquid assets, or alternatively, whether . . . plaintiff has the ability to pay, and the means by which he is to utilize non-liquid assets to pay a distributive award in order to satisfy the judgment described above, with appropriate adjustments to be made.
The equitable distribution judgment was clearly contingent upon a supplemental hearing, which the trial court ordered in compliance with Embler v. Embler, 159 N.C. App. 186, 582 S.E.2d 628(2003). The trial court made an equal allocation of the mortgage indebtedness to each party subject to a determination at the supplemental hearing that defendant would be able to pay a distributive award. The trial court made plaintiff's payment of a distributive award contingent upon a determination at the supplemental hearing that plaintiff could pay such an award. The trial court deferred until the supplemental hearing its determination of the means by which plaintiff would pay such an award and the accrual date of the interest plaintiff might have to pay. Finally, the trial court allowed the parties time to engage in discovery in preparation for the supplemental hearing. Accordingly, the equitable distribution judgment was not a final judgment, and the trial court improperly certified the equitable distribution judgment as being immediately appealable.
In his brief, plaintiff did not argue N.C. Gen. Stat. § 1-277(a) as a ground for immediate appellate review. However, plaintiff does contend in his response to defendant's motion to dismiss that the equitable distribution judgment affects a substantial right. Plaintiff states:
The trial court's order affects a substantial right, i.e., plaintiff's liberty, when the trial court first acknowledges that the North Carolina Court of Appeals requires it to make specific findings, then enters an order, contrary to the North Carolina Court of Appeal's directives, and imposes its powers of contempt for violation of the order.
Plaintiff cites no legal authority for his assertion that the equitable distribution judgment in this case affects a substantial right. Nonetheless, it is obvious the judgment did not require plaintiff to pay the distributive award and therefore did not subject plaintiff to contempt for failure to pay the distributive award. Plaintiff's payment is contingent upon the outcome of the supplemental hearing ordered by the trial court.
Dismissed.
Judges WYNN and GEER concur.
Report per Rule 30(e).