WALTER PAWLUS, Plaintiff,
v.
JANICE WISE-PAWLUS, Defendant.
No. COA07-1539
Court of Appeals of North Carolina
Filed February 3, 2009
This case not for publication
Lewis, Deese & Nance, LLP, by Renny W. Deese, for plaintiff-appellee.
Wyrick Robbins Yates & Ponton, LLP, by K. Edward Greene and Tobias S. Hampson, for defendant-appellant.
GEER, Judge.
Defendant Janice Wise-Pawlus appeals the trial court's equitable distribution order and its denial of her request for alimony. Although we agree with Ms. Wise-Pawlus that the trial court failed to make sufficient findings of fact with respect to her claim for alimony, we hold that the order was adequate as to equitable distribution.

Facts
Walter Pawlus and Ms. Wise-Pawlus were married on 12 August 2004 in California. At the time of the hearing below, Mr. Pawlus was 75 years old, while Ms. Wise-Pawlus was 69 years old. After the couple married, they decided to move to North Carolina. Mr.Pawlus sold his California residence and used the proceeds to purchase the marital residence in North Carolina free of encumbrances. The title to the marital residence was in both parties' names.
On 26 April 2006, Mr. Pawlus filed this action seeking a divorce from bed and board and equitable distribution. On 8 May 2006, Ms. Wise-Pawlus filed an answer and counterclaims, seeking a divorce from bed and board, post-separation support, alimony, and equitable distribution. The parties separated on 23 May 2006. On 31 May 2006, the trial court concluded that Ms. Wise-Pawlus had "offered such indignities to the Plaintiff to render his condition intolerable and life burdensome," had constructively abandoned Mr. Pawlus and the parties' marriage, and had assaulted Mr. Pawlus. The court, therefore, awarded Mr. Pawlus a divorce from bed and board.
The claims for equitable distribution and alimony were heard on 26 February 2007. The trial court entered its order for equitable distribution and alimony on 23 May 2007. The trial court concluded that "[a]n equal distribution of marital property is inequitable in this case." The trial court then awarded Mr. Pawlus the marital residence, valued at $163,170.00, a van, the funds in a savings account, and various pieces of personal property. Ms. Wise-Pawlus received the funds in a checking account and items of personal property. Mr. Pawlus' total award was valued at $179,120.00, while the property received by Ms. Wise-Pawlus had a total value of $4,770.00. The court further ordered that Mr.Pawlus be solely responsible for the marital debt totaling $28,575.07. With respect to Ms. Wise-Pawlus' counterclaim for alimony, the trial court concluded that Mr. Pawlus was not a supporting spouse and that the claim for alimony should, therefore, be denied. Ms. Wise-Pawlus timely appealed to this Court.

I
With respect to the equitable distribution portion of the trial court's order, Ms. Wise-Pawlus contends that the court failed to make adequate findings of fact to support its award. As this Court has previously stated, "[i]n order for this Court to conduct proper appellate review of an equitable distribution order, the trial court's findings must be specific enough that the appellate court can determine from reviewing the record whether the judgment represents a correct application of the law." Embler v. Embler, 159 N.C. App. 186, 189, 582 S.E.2d 628, 631 (2003).
"A trial judge is required to conduct a three-step analysis when making an equitable distribution of the marital assets. These steps are: (1) to determine which property is marital property, (2) to calculate the net value of the property, fair market value less encumbrances, and (3) to distribute the property in an equitable manner." Beightol v. Beightol, 90 N.C. App. 58, 63, 367 S.E.2d 347, 350, disc. review denied, 323 N.C. 171, 373 S.E.2d 104 (1988). Ms. Wise-Pawlus first argues that the trial court failed to make sufficient findings of fact regarding classification and valuation of the marital property. We do not agree. The trial court made a finding of fact that "[a]t the date of the parties' separation, they had acquired marital assets within the meaning of N.C.G.S. § 50-20 et. seq. that were listed with fair market values on the attachment filed in this matter as, `Pawlus v. Pawlus, MARITAL ASSETS', and same is incorporated herein by reference." Thus, the trial court identified the marital assets and valued them by incorporating an attached document by reference. Neither party identifies the author of this document.
While Ms. Wise-Pawlus argues that the attachment was not admitted into evidence, that fact does not mean that the trial court did not make the necessary findings of fact.[1] Indeed, as many trial courts do, the court could and may have simply typed up its own chart, attached it to the order, and incorporated the chart into the order by reference so as to include the necessary findings of fact in the order. Whether the attachment was admitted into evidence is relevant to whether the order's finding of fact is supported by competent evidence. Ms. Wise-Pawlus does not, however, contend that this finding of fact was unsupported.
As this Court stated in Wade v. Wade, 72 N.C. App. 372, 376, 325 S.E.2d 260, 266, disc. review denied, 313 N.C. 612, 330 S.E.2d 616 (1985), "the [trial] court was required to identify the marital property with sufficient detail to enable an appellate court to review the decision and test the correctness of the judgment." The finding of fact incorporating the attachment provides the detail required by Wade.
Ms. Wise-Pawlus, however, points to the order's decretal portion, in which the trial court awarded Mr. Pawlus certain "marital assets" while awarding Ms. Wise-Pawlus "the following property," which she asserts included both marital property and Ms. Wise-Pawlus' separate property. Our review of the record indicates, however, that each of the items awarded to Ms. Wise-Pawlus was marital property, except for a $25.00 hamper and $10.00 ficus tree. Ms. Wise-Pawlus had originally not valued those two items, but the parties, prior to trial, stipulated to their classification and value. We do not believe that the trial court's inclusion of those two items in the decretal portion of the order indicates that it failed to make sufficient findings of fact.
We note that Ms. Wise-Pawlus has not pointed to any classification or valuation of marital property that she contends is in error. Although Ms. Wise-Pawlus also complains that "the trial court made no findings explaining its rationale for the division of property," the trial court in its order did explain why it was awarding the parties' home to Mr. Pawlus, and Ms. Wise-Pawlus has not identified any other property that she contends should have been distributed differently. We cannot, therefore, conclude that the trial court abused its discretion in its distribution of the property. See Beightol, 90 N.C. App. at 60, 367 S.E.2d at 348 ("The distribution of marital property is vested in the discretion of the trial courts and the exercise of that discretion will not be upset absent clear abuse.").
Ms. Wise-Pawlus next contends that the trial court failed to comply with N.C. Gen. Stat. § 50-20(c) (2007) once it concluded that "[a]n equal distribution of marital property is inequitable in this case." Our General Assembly has determined that "[t]here shall be an equal division by using net value of marital property and net value of divisible property unless the court determines that an equal division is not equitable." N.C. Gen. Stat. § 50-20(c). The statute further provides that "[i]f the court determines that an equal division is not equitable, the court shall divide the marital property and divisible property equitably" and, in doing so, the trial court "shall consider" the factors set out in the statute. Id. As this Court has held, the trial court must "make specific findings of fact regarding each factor specified in N.C. Gen. Stat. § 50-20(c) . . . on which the parties offered evidence." Embler, 159 N.C. App. at 188, 582 S.E.2d at 630.
In this case, the trial court stated: "The Court considered all the factors in N.C.G.S. § 50-20(c), and especially factors (1), (3), (9), and (12) in making its decision in regard to the Equitable Distribution claims of the parties." We agree with Ms. Wise-Pawlus that this finding of fact, standing alone, would not be sufficient. See Daetwyler v. Daetwyler, 130 N.C. App. 246, 249-50, 502 S.E.2d 662, 665 (1998) ("We note that a finding which merely states that `due regard' has been given to the section 50-20(c) factors, without supporting findings as to the ultimate evidence presented on these factors, is insufficient as a matter of law because such a general finding does not present enough information to allow an appellate court to determine whether evidence presented on each of the section 50-20(c) factors was duly considered by the trial court[.]" (internal citations omitted)), aff'd per curiam, 350 N.C. 375, 514 S.E.2d 89 (1999). This finding of fact did not, however, stand alone.
A number of the factors in N.C. Gen. Stat. § 50-20(c) are immaterial in this case, including § 50-20(c)(2), (4), (7), (10), and (11b). Ms. Wise-Pawlus concedes that adequate findings of fact were made as to § 50-20(c)(3) (regarding duration of marriage and age and physical and mental health of parties). Ms. Wise-Pawlus makes no specific argument as to the factors in N.C. Gen. Stat. § 50-20(c)(5), (6), (8), (11), and (11a)  she points to no evidence in the record relevant to those factors. Our review of the record indicates that the trial court either made findings of fact related to those factors, or the parties failed to present evidence as to those factors.
Ms. Wise-Pawlus specifically argues that the trial court made insufficient findings as to N.C. Gen. Stat. § 50-20(c)(1), which requires the trial court to consider "[t]he income, property, and liabilities of each party at the time the division of property is to become effective." The order, however, includes findings of fact regarding the parties' retirement and social security benefits, the property being allocated between the parties with the value of each asset, and the marital debt. Ms. Wise-Pawlus has not pointed to any other income, property, or debt that she contends the trial court failed to take into account that would arguably affect the trial court's decision on equitable distribution. Since the trial court is only required to make findings "regarding each factor specified in N.C. Gen. Stat. § 50-20(c) . . . on which the parties offered evidence," Embler, 159 N.C. App. at 188, 582 S.E.2d at 630, Ms. Wise-Pawlus has not demonstrated that the trial court's findings on § 50-20(c)(1) are inadequate.
Ms. Wise-Pawlus also specifically argues that the trial court failed to make findings with respect to N.C. Gen. Stat. § 50-20(c)(9), which requires consideration of "[t]he liquid or nonliquid character of all marital property and divisible property." While the trial court did not specifically use the word "liquid" or "nonliquid," the trial court made findings relevant to that factor, including the lack of any mortgage on the marital residence, the net fair market value of each asset, and the fact that marital debt was limited to credit cards as opposed to being debt on marital assets. Ms. Wise-Pawlus does not identify any further aspect of § 50-20(c)(9) on which the trial court failed to making a finding. While the liquid or nonliquid nature of the assets is relevant to Mr. Pawlus, who has sole responsibility for the marital debt, Ms. Wise-Pawlus does not explain how this factor is relevant to her share of the equitable distribution.
Finally, Ms. Wise-Pawlus asserts that "[m]ost puzzling is the trial court's recitation of factor (12) to support its award." N.C. Gen. Stat. § 50-20(c)(12) allows the trial court to consider"[a]ny other factor which the court finds to be just and proper." The trial court's identification of the factors to which it gave the greatest weight came at the very end of the findings of fact. The findings of fact preceding those include considerations other than those specifically set out in N.C. Gen. Stat. § 50-20(c), such as: (1) the marital residence was titled in both parties' names, but was purchased solely with the separate assets of Mr. Pawlus with the result that there was no mortgage; (2) Mr. Pawlus had, prior to the marriage, been the sole owner of a home in California, but had sold that home and used the proceeds to pay in full the cost of the parties' marital residence; (3) Ms. Wise-Pawlus had, prior to the marriage, "lived in an apartment/condominium"; and (4) Mr. Pawlus made the minimum monthly payments on the marital debt after separation, while Ms. Wise-Pawlus made no such payments. Ms. Wise-Pawlus has not pointed to anything in the record that would suggest that the trial court considered impermissible factors, and we believe that the order is most reasonably read as meaning that the factors considered by the trial court were set out in the paragraphs preceding the finding of fact identifying the factors in § 50-20(c) to which the trial court gave the greatest weight.
Accordingly, we hold that the trial court's findings of fact are sufficient under N.C. Gen. Stat. § 50-20(c). Ms. Wise-Pawlus, however, argues that the trial court still failed to make specific findings as to why an equal distribution was inequitable. "[I]n equitable distribution cases, if the trial court determines that the presumption of an in-kind distribution has been rebutted, it must make findings of fact and conclusions of law in support of that determination." Urciolo v. Urciolo, 166 N.C. App. 504, 507, 601 S.E.2d 905, 908 (2004). While the trial court's order could be more specific, we think it still sufficiently identifies the reason for its distribution: Mr. Pawlus, although the sole owner of his home in California, sold that home, used the proceeds to buy the North Carolina home free and clear, and placed the title of the home in both of the parties' names. The parties' major asset was the marital residence, and the trial court properly explained why it was distributing that asset to Mr. Pawlus. We, therefore, hold that the trial court's findings of fact were sufficient to support its equitable distribution decision.

II
Ms. Wise-Pawlus also challenges the trial court's refusal to award her alimony. As this Court has previously recognized, a decision on alimony involves two separate inquiries:
First is a determination of whether a spouse is entitled to alimony. N.C. Gen. Stat. § 50-16.3A(a) (1999). Entitlement to alimony requires that one spouse be a dependent spouse and the other be a supporting spouse. Id. If one is entitled to alimony, the second determination is the amount of alimony to be awarded. N.C. Gen. Stat. § 50-16.3(b). We review the first inquiry de novo, Rickert v. Rickert, 282 N.C. 373, 379, 193 S.E.2d 79, 82 (1972), and the second under an abuse of discretion standard, Quick v. Quick, 305 N.C. App. 446, 453, 290 S.E.2d 653, 658 (1982).
Barrett v. Barrett, 140 N.C. App. 369, 371, 536 S.E.2d 642, 644 (2000). The conclusions made by the court as to whether a spouse is "dependent" or "supporting" must be based on sufficiently specific findings of fact to allow this Court to "determine whether the order of the trial court is adequately supported by competent evidence . . . ." Talent v. Talent, 76 N.C. App. 545, 548-49, 334 S.E.2d 256, 259 (1985), superseded on other grounds by statute as recognized in Rhew v. Rhew, 138 N.C. App. 467, 531 S.E.2d 471 (2000).
In this case, the trial court stopped at the first inquiry. It denied Ms. Wise-Pawlus' claim for alimony based solely on its conclusion that Mr. Pawlus was not a supporting spouse. While the parties focus on whether the findings of fact were sufficient to establish that Ms. Wise-Pawlus was not a dependent spouse, the trial court never specifically addressed the issue of dependency one way or another.
Our Supreme Court has held that "[t]he formula for determining whether alimony is appropriate, however, is only half present once the issue of dependency has been resolved. . . . Courts of this State have recognized that evidence one spouse is dependent does not necessarily infer [sic] the other spouse is supporting." Williams v. Williams, 299 N.C. 174, 186, 261 S.E.2d 849, 857 (1980). See also Helms v. Helms, ___ N.C. App. ___, ___, 661 S.E.2d 906, 910 (noting that evidence that one spouse is dependent does not require conclusion that other spouse is supporting), disc. review denied, ___ N.C. ___, ___ S.E.2d ___, 2008 N.C. LEXIS 981, 2008 WL 5432265 (Dec. 11, 2008); Barrett, 140 N.C. App. at 373, 536 S.E.2d at 645 ("Just because one spouse is a dependent spouse does not automatically mean the other spouse is a supporting spouse."). Thus, the trial court could have chosen to conclude that, even assuming Ms. Wise-Pawlus was a dependent spouse, her claim should be denied because Mr. Pawlus was not a supporting spouse. Because the trial court made no reference to dependency, we must assume that is how the court proceeded. The sole question before this Court is, therefore, whether the findings of fact are sufficient to support a conclusion that Mr. Pawlus was not a supporting spouse.
A supporting spouse is one "upon whom the other spouse is actually substantially dependent for maintenance and support or from whom such spouse is substantially in need of maintenance and support." N.C. Gen. Stat. § 50-16.1A(5) (2007). The trial court, however, made no specific findings of fact explaining the basis for its conclusion that Mr. Pawlus did not meet this definition.
We acknowledge that the trial court made findings that Mr. Pawlus received retirement and social security benefits in the amount of $1,133.00 per month and that Ms. Wise-Pawlus received a monthly retirement benefit of $1,120.00  roughly the same amount of monthly income. These findings, however, cannot support the conclusion of law since the trial court made no findings of fact regarding Mr. Pawlus' expenses. This Court has previously held that "[a] surplus of income over expenses is sufficient in and of itself to warrant a supporting spouse classification." Barrett, 140 N.C. App. at 373, 536 S.E.2d at 645. See also Helms, ___ N.C. App. at ___, 661 S.E.2d at 910-11 (accord); Rhew v. Felton, 178 N.C. App. 475, 483, 631 S.E.2d 859, 865 (noting a surplus of income over expenses is sufficient in and of itself to warrant a supporting spouse classification, while "[a] deficit between a spouse's income and expenses supports a trial court's classification of that spouse as dependent"), appeal dismissed and disc. review denied, 360 N.C. 648, 636 S.E.2d 810 (2006).
Because of the absence of findings of fact, we must vacate the trial court's order as to alimony and remand for further findings of fact. Talent, 76 N.C. App. at 549, 334 S.E.2d at 259. Although Mr. Pawlus points to "evidence that specifically supports the trial court's conclusion that [Mr. Pawlus] was not the supporting spouse," this Court has explained: "It is not enough that there is evidence in the record from which such findings could have been made because it is for the trial court, and not this court, to determine what facts are established by the evidence." Id.

Conclusion
We, therefore, affirm the trial court's order as to equitable distribution, but vacate its order as to alimony and remand for further findings of fact on that claim. Because of our disposition of this appeal, we need not address Ms. Wise-Pawlus' remaining arguments.
Affirmed in part; vacated and remanded in part.
Judges McGEE and STEELMAN concur.
Report per Rule 30(e).
NOTES
[1] Ms. Wise-Pawlus has not argued that the trial court improperly delegated its fact-finding function to the author of the document, assuming that it was prepared by someone other than the court. In any event, the nature of the document and phrasing of the order does not indicate any improper delegation.