NO. COA14-249

NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

ROSEMARY LYNN GROVE POWER,
     Plaintiff,

          v.                          Wake County
                                      No. 12 CVD 9258
THOMAS ALFRED POWER,
     Defendant.


     Appeal by defendant from equitable distribution judgment entered 28 August 2013 by Judge Christine Walczyk in Wake County District Court.  Heard in the Court of Appeals 26 August 2014.

     *Allen & Spence, PLLC, by Scott E. Allen, for plaintiff-appellee.*

     *Manning, Fulton & Skinner, P.A., by Michael S. Harrell, for defendant-appellant.*


     BRYANT, Judge.


     Where defendant failed to present evidence of potential tax consequences before the close of evidence, the trial court was not required to consider those potential tax consequences when entering an equitable distribution judgment.  Although the Kelley Blue Book falls within Rule 803(17) as a hearsay exception, defendant was not prejudiced by the omission of such evidence where defendant was permitted to give opinion testimony

as to the value of the marital cars. Where defendant failed to show that a monetary gift to the marital couple was not marital property, the trial court properly considered that money as part of the marital assets.

On 2 July 2012, plaintiff Rosemary Lynn Grove Parker filed a complaint against defendant Thomas Alfred Power seeking equitable distribution, divorce from bed and board, and a temporary restraining order to prevent defendant from wasting marital assets. Defendant answered and counterclaimed for alimony and post-separation support, equitable distribution, and expenses and attorneys' fees.

On 21 May 2013, plaintiff and defendant filed a joint dismissal in which plaintiff dismissed her claim for divorce from bed and board and defendant dismissed his claim for alimony and post-separation support.

A hearing on the parties' competing equitable distribution claims was held on 8 April 2013 in Wake County District Court, the Honorable Christine Walczyk, Judge presiding. On 28 August, the trial court entered a judgment for equitable distribution between the parties. Defendant appeals.

_____

On appeal, defendant raises three issues as to whether the trial court erred in: (I) not considering the tax consequences arising from its equitable distribution judgment; (II) in excluding defendant's Kelley Blue Book values for the marital cars; and (III) in not deducting from the marital estate financial gifts made to plaintiff and defendant.

*I.*

Defendant argues that the trial court erred in not considering the tax consequences arising from its equitable distribution judgment. We disagree.

> Our review of an equitable distribution order is limited to determining whether the trial court abused its discretion in distributing the parties' marital property. The distribution of marital property is vested in the discretion of the trial courts and the exercise of that discretion will not be upset absent clear abuse. Accordingly, the findings of fact are conclusive if they are supported by any competent evidence from the record.

*Robinson v. Robinson*, 210 N.C. App. 319, 322, 707 S.E.2d 785, 789 (2011) (citations, quotations, and parentheses omitted).

Defendant contends the trial court erred in not considering the tax consequences of its equitable distribution judgment. Specifically, defendant argues that pursuant to N.C. Gen. Stat.

§ 50-20(c), the trial court was required to consider tax consequences prior to making its judgment.

North Carolina General Statutes, section 50-20, holds that:

> There shall be an equal division by using net value of marital property and net value of divisible property unless the court determines that an equal division is not equitable. If the court determines that an equal division is not equitable, the court shall divide the marital property and divisible property equitably. The court shall consider all of the following factors under this subsection:
>
> . . .
>
> (11) The tax consequences to each party . . . . The trial court may, however, in its discretion, consider whether or when such tax consequences are reasonably likely to occur in determining the equitable value deemed appropriate for this factor.

N.C.G.S. § 50-20(c)(11) (2013). However, a trial court must consider *all* of the distributional factors in N.C.G.S. § 50-20(c) only when a party presents evidence that an equal distribution would be inequitable. *Embler v. Embler*, 159 N.C. App. 186, 189, 582 S.E.2d 628, 631 (2003) (emphasis added) (citations and quotation omitted).

In its pre-trial order, the trial court noted that both parties had raised contentions, including tax consequences, as to why an equal division of marital assets would not be

equitable. However, during the equitable distribution hearing, neither party presented any evidence regarding potential tax consequences caused by an equal distribution. In fact, the record shows that defendant only raised the issue of tax consequences as to a single marital account, a Scottrade account, at the end of the hearing:

> [DEFENDANT]: Does Your Honor also consider that Scottrade account? I shouldn't be penalized with all the tax burden on that if you're weighing the cash-out values.
>
> THE COURT: I'm going to consider -- I mean, you guys didn't put on any evidence about tax consequences, but I'm going to consider the liquid or nonliquid nature of assets when I do the division.
>
> [DEFENDANT]: Okay.

As defendant failed to present evidence during the hearing regarding potential tax consequences caused by an equal distribution, the trial court did not err in failing to consider tax consequences in awarding an equitable distribution. *See id*.

Defendant further argues that the trial court erred in not considering the potential tax consequences of its equitable distribution judgment because defendant sent to the trial court, after the equitable distribution hearing, an email challenging plaintiff's proposed equitable distribution order. In his email, defendant asked the trial court to address "a few

discrepancies" and to "consider[] the tax consequences on the Defendant's behalf." Plaintiff immediately objected to defendant's email, and the trial court did not respond to either party. In its equitable distribution judgment, the trial court did not make any findings of fact as to tax consequences created by an equal distribution and concluded as a matter of law that "[a]n equal distribution of marital and divisible property is equitable."

Defendant's argument that he offered evidence concerning potential tax consequences to the trial court is without merit, as defendant's email was sent after the close of evidence. *See Wall v. Wall*, 140 N.C. App. 303, 312, 536 S.E.2d 647, 653 (2000) ("The trial court is not required to consider tax consequences unless the parties offer evidence about them. Defendant may not now ascribe error to the trial court's failure to make such findings without demonstrating that such evidence was brought to the trial court's attention before the close of evidence. Defendant has the burden of showing that the tax consequences of the distribution were not properly considered, and he has failed to carry that burden."). Accordingly, the trial court acted within its discretion in ordering an equitable distribution

judgment that did not address tax consequences. Defendant's argument is overruled.

*II.*

Defendant next argues that the trial court erred in excluding defendant's Kelley Blue Book values for the marital cars.

During the equitable distribution hearing, the trial court permitted plaintiff to testify as to the value of the two marital cars. Plaintiff testified that she believed the value of her car to be about $3,500.00, based on existing mechanical and cosmetic issues with the car and based on an appraisal of the car by Carmax. Plaintiff then testified that she believed the value of defendant's car to be somewhere between $2,673.00 and $2,773.00, based on the Kelley Blue Book. Defendant did not object to plaintiff's testimony.

When defendant testified as to the value of the marital cars, he sought to admit into evidence copies of the Kelley Blue Book values of the cars. The trial court sustained plaintiff's objection to this evidence, stating it was "hearsay information" and that defendant could "tell me what your opinion is about the value of the car, but you can't show me the Blue Book value." Defendant then gave his opinion that plaintiff's car was worth

$7,197.00 and his own car $3,001.00, based on the Kelley Blue Book values.

Defendant contends the trial court erred in refusing to admit his evidence of the cars' Kelley Blue Book values and that this "preclusion of [defendant's] opinion evidence substantially prejudiced [him]." This Court has previously held that the Kelley Blue Book falls within Rule 803(17) as a hearsay exception for market reports. *See State v. Dallas*, 205 N.C. App. 216, 220, 695 S.E.2d 474, 477 (2010) ("Rule 803(17) of the Rules of Evidence provides that [m]arket quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations are not excluded by the hearsay rule. We hold that both the Kelley Blue Book and the NADA pricing guide fall within the Rule 803(17) hearsay exception."). As such, the trial court erred in refusing to admit defendant's Kelley Blue Book values as evidence.

However, even though the trial court erred in not admitting this evidence, defendant has failed to show how this error "substantially prejudiced" him. The record indicates that plaintiff and defendant each gave opinion testimony as to the value of the two marital cars, including each party noting that

they consulted the Kelley Blue Book in determining the cars' values. Defendant did not offer additional testimony regarding the condition of the cars, other than the Kelley Blue Book values, nor did defendant contest plaintiff's evidence concerning the cars' conditions and values. As such, defendant was not prejudiced because the trial court heard and weighed the testimony of both parties as to the value of the cars before making its determination that each party should keep its respective car as part of the equitable distribution judgment. *See id*. at 220—21, 695 S.E.2d at 477 (noting that the defendant failed to demonstrate prejudice where the testimony of the witnesses as to the value of several cars was given, considered, and weighed, even though the testimony varied as to the cars' values). Accordingly, the trial court's error about which defendant argues was not prejudicial to defendant.

*III.*

Finally, defendant argues that the trial court erred in not deducting from the marital estate financial gifts made to plaintiff and defendant. We disagree.

Pursuant to N.C. Gen. Stat. § 50-20, marital property includes all property "acquired by either spouse or both spouses during the course of the marriage and before the date of the

separation of the parties, and presently owned, except property determined to be separate property[,]" while separate property includes all property "acquired by a spouse by bequest, devise, descent, or gift during the course of the marriage." N.C.G.S. § 50-20(b)(1),(2) (2013). "The party claiming a certain classification has the burden of showing, by the preponderance of the evidence, that the property is within the claimed classification." *Burnett v. Burnett*, 122 N.C. App. 712, 714, 471 S.E.2d 649, 651 (1996) (citation omitted).

During the hearing, defendant argued that the trial court should not consider $51,000.00 as part of the marital estate because that money was given to defendant by defendant's father as a series of gifts. Plaintiff testified that defendant's father had gifted $51,000.00 to her and defendant over a period of time for the purpose of depleting defendant's father's financial interests so he could receive assisted-living care through the government, if needed. When questioned by defendant as to where this money was currently located, plaintiff responded that she did not know where the money was specifically located, other than "[i]t was just all in the funds. . . . I don't know where it's at." Plaintiff also agreed with defendant's assertion that defendant had deposited the funds

"into our joint account." Defendant did not offer any evidence as to where the money was located, such as in a separate ear-marked account; rather, defendant only asserted that the funds were a gift to him from his father.

The trial court, in its equal distribution order, noted that: "During the marriage, the parties received regular gifts from the Defendant's father. The [defendant][1] failed to establish that there were any funds left from these gifts on the date of separation that were separate and apart from the accounts already distributed hereunder."

Even assuming that the $51,000.00 was given as a gift solely to defendant and not as a joint gift to both parties, the evidence showed that these funds were commingled with the parties' marital funds in their joint account. Thus, defendant had the burden of proof "to trace the initial deposit into its form at the date of separation." *Fountain v. Fountain*, 148 N.C. App. 329, 333, 559 S.E.2d 25, 29 (2002) (citation omitted).

Commingling of separate property with

---

[1] We note that the trial court made a typographical error in this finding by stating in its second sentence that "The Plaintiff failed to establish . . . ." A review of the hearing transcript indicates that defendant, not plaintiff, raised the issue of whether the $51,000.00 was in fact marital property. As defendant failed to establish that this money was not marital property, we therefore correct the trial court's finding as presented above.

> marital property, occurring during the marriage and before the date of separation, does not necessarily transmute separate property into marital property. Transmutation would occur, however, if the party claiming the property to be his separate property is unable to trace the initial deposit into its form at the date of separation.

*Id*. (citations omitted).

Here, defendant failed to present any evidence tracing the gift of $51,000.00 from his father to show where these funds were located as of the date of separation. Therefore, as defendant failed to prove that the aggregate sum of $51,000.00 was not marital property, the trial court did not err in refusing to classify these funds as defendant's separate property. Accordingly, defendant's argument is overruled.

Affirmed.

Judges McGEE and STROUD concur.