An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-969

Filed 6 August 2025

Iredell County, No. 22CVD002874-480

CHRISTOPHER SCHOLL, Plaintiff,

v.

KILEEN SCHOLL, Defendant.

Appeal by plaintiff from order entered 8 April 2024 by Judge Carole Hicks in Iredell County District Court. Heard in the Court of Appeals 23 April 2025.

> *Godley, Glazer & Funk, PLLC, by Alexa M. Voss and Maren Tallent Funk, for plaintiff-appellant.*

> *Pope McMillan, P.A., by Christian Kiechel and Alex M. Graziano, by defendant-appellee.*

DILLON, Chief Judge.

Plaintiff Christopher Scholl ("Husband") appeals from the trial court's equitable distribution order.

Husband and Kileen Scholl ("Wife") separated in 2021 and divorced in 2023. This appeal concerns only the division of Husband's pension through the North Carolina Teachers' and State Employees' Retirement System Pension Plan. We

conclude the trial court erred and remand for further findings.

## I.    Background

In Schedule A of the pre-trial order, Husband and Wife stipulated that Husband's pension was marital property valued at $261,711.56 on the date of separation.  The trial court ordered an equal distribution of this property.

Marital property can be distributed as "[a]n in-kind distribution [which] refers to a distribution of the property itself as opposed to a substitute for the property such as a cash award equal to the value of the property." *Sauls v. Sauls*, 236 N.C. App. 371, f. 1 (2014) (citation omitted).

Husband desired an in-kind distribution of the pension, wherein Wife would receive her share of the pension in the future as benefits were paid.  However, the trial court ordered that Wife would receive a distributive award, in which she would receive some of the other marital property subject to equitable distribution *now*, equal to the present value of what her share would have been in the future pension benefits. Specifically, Husband was ordered to pay Wife a lump sum of $116,595.10 within ninety days.  Husband appeals.

## II.    Analysis

"Ultimately, the court's equitable distribution award is reviewed for an abuse of discretion and will be reversed only upon a showing that it is so arbitrary that it could not have been the result of a reasoned decision." *Smith v. Smith*, 387 N.C. 255,

258 (2025) (cleaned up).

Husband argues the trial court erred in ordering a distributive award rather than an in-kind distribution of his pension.

Our General Statutes provide a presumption that an *in-kind distribution* is equitable. N.C.G.S. § 50-20(e). A *distributive award* is not appropriate unless the presumption favoring an in-kind distribution is rebutted:

> Subject to the presumption of subsection (c) of this section that an equal division is equitable, it shall be presumed in every action that an in-kind distribution of marital or divisible property is equitable. This presumption may be rebutted by the greater weight of the evidence, or by evidence that the property is a closely held business entity or is otherwise not susceptible of division in-kind.

*Id.*

In this case, the trial court did not make an explicit finding of fact that the in-kind presumption had been rebutted. However, our Court has previously held that the trial court is not required to *explicitly* state that the in-kind presumption was rebutted. *See Hill v. Sanderson*, 244 N.C. App. 219 (2015). In *Hill*, the in-kind presumption was successfully rebutted when the trial court "made sufficient findings to indicate its basis for entering a distributive award[,]" even though that court did not *explicitly* find the presumption to be rebutted. *Id.* at 241. The trial court in *Hill* made findings regarding many of the distributional factors set forth in N.C.G.S. § 50-20(c). Specifically, the court "made twelve findings corresponding with at least nine of the twelve distributional factors[.]" *Id.* at 240.

Unlike in *Hill*, though, the trial court in this case failed to make any findings that the in-kind presumption was rebutted, and the findings are not sufficient to indicate why it ordered a distributive award instead of an in-kind distribution. The in-kind presumption has not been "rebutted by the greater weight of the evidence, or by evidence that the property . . . is otherwise not susceptible of division in-kind." *See* N.C.G.S. § 50-20(e).

The trial court made the following findings of fact in its equitable distribution order:

> 28. [Husband] desires to keep the pension as his sole and separate property.
>
> 29. [Wife] is agreeable to [Husband] retaining the pension as long as she receives an equitable share based upon its value in the overall distribution of marital assets.
>
> 30. After distributing the pension to [Husband], he does have sufficient liquid funds to be able to pay a distributive award to [Wife]. [Husband] also has good credit and could obtain a loan to pay the Distributive Award in part or in full if necessary.
>
> 31. It would be equitable to distribute the entirety of the pension to [Husband].
>
> ********
>
> 34. [Husband] is an Assistant Principal at Statesville High School. [Husband] earns approximately $75,000.00 per year and also works part-time at a golf course in Huntersville. [Husband] is in a stable field and has devoted his entire career to education, first as a teacher and now as an administrator. [Husband]'s field is not generally susceptible to layoffs.

35. [Wife] works at Truist Bank and has been employed there since 2017. [Wife] earns a base salary of approximately $108,000.00 per year and is also eligible for bonuses based on company performance. [Wife] works in a more volatile field that is subject to layoffs or reduced compensation based on company performance and economic conditions.

36. [Wife] earns more than [Husband], however [Husband] has a more stable and secure position and career.

37. [Husband] often worked a job during the marriage which paid less than [Wife] so that he would have a pension. [Husband] is therefore receiving that benefit within this Order as the pension is being distributed to him.

38. The duration of the marriage is [approximately 29 years]. The parties are similar ages and each is [in] good physical and mental health.

39. As set forth in this Order, [Husband] will be retaining his pension and [Wife] will be retaining what is remaining of the Truist 401(k). Neither party has any other separate pension, retirement, or deferred compensation accounts.

40. [Wife] helped [Husband] build his career as an educator. She worked full-time, salaried employment during time periods when [Husband] was earning less and going to school. [Husband] was able to obtain his master's degree during the marriage, partially due to the fact that [Wife] kept working.

41. During the marriage, the parties took withdrawals and loans from the Truist 401(k) for various expenses, debts, and other family needs. Pursuant to this distribution, [Wife] is retaining her Truist 401(k) but with significantly less value than [Husband]'s pension which has not suffered any loss during the marriage.

42. [Husband] has approximately $80,000.00 in liquid funds in a personal account and expects to receive an

additional approximate amount of $30,000.00 in the near future. [Husband] has good credit, and his only liabilities are those set out within this Order. These funds and his ability to obtain a loan are potential sources he could use to pay the Distributive Award ordered herein.

43. Neither party owns any real estate.

44. Given consideration of the foregoing facts, the Court finds that an equal distribution of marital property in this matter would be appropriate.

After reviewing these findings and the remainder of the record, we conclude the trial court did not demonstrate the in-kind presumption was successfully rebutted. Section 50-20(c) of our General Statutes requires the trial court to consider certain factors when determining how to distribute marital property. While the trial court has considered some of those factors, we cannot say that the parties rebutted the presumption of in-kind distribution.

We note that the trial court found that Husband has sufficient liquid funds to pay the distributive award of over $116,000.00 to Wife. Husband challenges this finding, and we agree the finding is not supported by competent evidence in the record.[1] *See Beightol v. Beightol*, 90 N.C. App. 58, 60 (1988) ("[T]he findings of fact [in an equitable distribution order] are conclusive if they are supported by any competent evidence from the record."). But potential future income not yet realized

---

[1] Husband also contests findings of fact 27, 28, 29, 31, and 42. These findings of fact are conclusive on appeal because they are supported by competent evidence in the record, including Husband and Wife's equitable distribution affidavits, the pre-trial order, and testimony by the parties at trial.

is not a liquid asset. Regarding Husband's inheritance following his mother's death, the trial court found: "[Husband] has approximately $80,000.00 in liquid funds in a personal account and expects to receive an additional approximate amount of $30,000.00 in the near future." At the time of the equitable distribution hearing, it was uncertain if and when Husband would receive the $30,000.00 additional inheritance funds. Further, Husband has not yet retired, so his pension is not a liquid asset that should be considered. *See Shaw v. Shaw*, 117 N.C. App. 552, 555 (1995) (remanding for the trial court to determine whether the payor spouse had sufficient liquid assets from which he could make the distributive award payment); *Urciolo v. Urciolo*, 166 N.C. App. 504, 507 (2004) (same); *Embler v. Embler*, 159 N.C. App. 186, 188 (2003) (holding the trial court erred in ordering the payor spouse to pay a distributive award without finding whether plaintiff had sufficient liquid assets to pay the award); *Robertson v. Robertson*, 167 N.C. App. 567, 570 (2004) (same).

Our Court has held that

> if a party's ability to pay an award with liquid assets can be ascertained from the record, then the distributive award must be affirmed. Conversely, . . . if a question is raised as to the ability of the payor spouse to pay the award with liquid assets, then the trial court must make findings regarding the spouse's liquid and non-liquid assets and adjust the award for any financial ramifications.

*Pellom v. Pellom*, 194 N.C. App. 57, 69 (2008) (citation omitted). In *Pellom*, our Court held that the payor spouse's "substantial income" was "an obvious liquid asset from he could pay the award." *Id.* at 68. However, in that case, the payor spouse was an

anesthesiologist with a much higher salary than Husband in this case, who is a high school assistant principal and works a second job at a golf course.

We further note the trial court's finding that Husband had "good credit" and only the financial liabilities set out in the equitable distribution order (e.g., student loans), which could allow him to obtain a personal loan to pay the distributive award. However, the trial court failed to address the potential financial ramifications if Husband were to take out a personal loan to pay the remainder of the distributive award. *See Embler*, 159 N.C. App. at 188–89 (remanding to the trial court to recalculate the distributive award and account for any adverse financial ramifications of obtaining a loan to pay the award).

Accordingly, we remand this case for the trial court to make additional findings regarding (1) the Husband's liquid funds considering that he does not have access to his pension yet, (2) whether his inheritance funds are liquid and would be sufficient to pay the entire distributive award, and (3) the potential adverse financial ramifications if Husband were to take out a personal loan to pay the distributive award. On remand, the trial court may allow the parties to offer additional evidence.

VACATED AND REMANDED.

Judges WOOD and STADING concur.

Report per Rule 30(e).